# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1843

_____

United States,                              *
                                            *
            Plaintiff - Appellee,           *
                                            *    Appeal from the United States
      v.                                    *    District Court for the Western
                                            *    District of Missouri.
Juda B. Aguilera,                           *
                                            *
            Defendant - Appellant.          *

_____

Submitted: December 12, 2007
Filed: April 24, 2008

_____

Before BYE, ARNOLD, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Juda B. Aguilera appeals the 135 month sentence the district court imposed following his guilty plea to conspiring to distribute methamphetamine and aiding and abetting the distribution of methamphetamine. We vacate Aguilera's sentence and remand for resentencing.

I

Aguilera pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and aiding and abetting the distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The presentence investigation report (PSR) calculated a Guidelines range of 135-168 months, based on an offense level of 31 and a criminal history category of III.

At sentencing, Aguilera requested a sentence below the Guidelines range claiming: (1) his criminal history category overstated his prior criminal conduct and (2) the sentencing range failed to reflect his cooperation because it did not rise to the level of substantial assistance. The government objected, noting the Guidelines are presumptively reasonable and maintaining he had failed to rebut this presumption. After acknowledging this Circuit's mandate about a presumption of reasonableness applying to the Guidelines range, the district court concluded "[g]iven the crime and the propensities shown by [Aguilera's] participation" 135 months imprisonment was not "an unreasonable sentence." Sentencing Transcript at 7-8.

On appeal Aguilera argues the district court's sentence determination was unreasonable.

II

This court reviews a district court's sentence determination under an abuse of discretion standard. The United States Supreme Court recently clarified the scope of our review:

> [T]he appellate court . . . must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence

based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

Gall v. United States, 128 S. Ct. 586, 597 (2007). See also Koon v. United States, 518 U.S. 81, 100 (1996) ("The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.").

III

As the Supreme Court made clear in Rita v. United States, 127 S. Ct. 2456 (2007), the presumption of reasonableness is an appellate presumption and "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Id. at 2465. See also United States v. Wilms, 495 F.3d 277, 282 (6th Cir. 2007) (vacating and remanding defendant's sentence due to the district court's imposition of a presumption of reasonableness in violation of Rita); United States v. Foreman, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("[A] district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task.").

The record in this case demonstrates the district court applied a presumption of reasonableness to the Guidelines. After acknowledging Eighth Circuit precedent mandated application of a presumption of reasonableness to the Guidelines, the district court imposed on Aguilera a within Guidelines sentence of 135 months. The district court did not explain the basis for the sentence except to say: "Given the crime and the propensities shown by [Aguilera's] participation, I don't think that's an

unreasonable sentence." Sentencing Transcript at 7-8. The record leaves little doubt the district court viewed the guidelines range as presumptively correct, as a "super-factor" that Aguilera had to overcome. In light of <u>Rita</u>, this was plainly an error of law, rendering Aguilera's sentence unreasonable. <u>See</u> <u>Koon</u>, 518 U.S. at 100 ("A district court by definition abuses its discretion when it makes an error of law.").

IV

Because we find the district court erred in applying a presumption of reasonableness to the guidelines range, it is unecessary to address Aguilera's additional contention that the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) when formulating his sentence. We note, however, on remand the district court "shall consider" the factors listed in § 3553(a) and, based on those considerations and the proper guidelines range, impose a sentence which is "sufficient, but not greater than necessary," to satisfy the purposes of sentencing set forth in § 3553(a)(2).

V

Accordingly, we vacate Aguilera's sentence and remand for resentencing consistent with this opinion.

_____