# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1804

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Ira Gene Chase, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 10, 2009
Filed: March 25, 2009

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Ira Chase pleaded guilty to attempting to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), and conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846. He was sentenced to 235 months of imprisonment. Chase appeals his sentence challenging the district court's denial of his motion for a downward variance. We reverse and remand for further proceedings.

The charges against Chase arose from a methamphetamine distribution conspiracy involving Chase, his wife Janet, and a third defendant, Caroline Brandenburg. At Chase's direction, Brandenburg made three trips from Iowa to Oklahoma between November 2006 and February 2007 to obtain methamphetamine for Chase and his wife to use and sell in Iowa. The conspiracy was discovered during a traffic stop of the car driven by Brandenburg on her third trip.

Chase pleaded guilty to the charges against him without the benefit of a plea agreement. Between the time of his plea and sentencing, he reached a sentencing agreement with the government whereby the parties agreed the applicable advisory guidelines sentencing range was 210-262 months. The parties also agreed to jointly recommend a sentence of 235 months, although Chase remained "free to argue a motion for a downward variance under 18 U.S.C. § 3553(a)." Addendum at 9. Chase also retained the right to appeal his sentence "as it relates to his downward variance motion." Id. at 10.

At the time of sentencing, Chase argued for a downward variance based upon a number of factors, including his relatively advanced age (sixty-three years old at the time of sentencing), the fact he had been a law-abiding citizen most of his life and had no prior criminal convictions, his health issues (including two previous back surgeries and a substance abuse problem related in part to his use of pain medications following a car accident), his military record (an honorable discharge from the United States Marine Corps), his employment history (having owned his own construction business for over twenty-five years), and the fact that a sentence of 235 months for a man his age could very well result in his death while incarcerated, in effect, a life sentence. The government opposed the motion. In a memorandum of law filed prior to sentencing, the government relied upon a number of Eighth Circuit decisions which

discussed downward departures and, in particular, the standard for departing downward based on health issues.

The district court denied the motion for a downward variance, stating:

> First, there is, in the Court's opinion, no factual basis that would warrant a downward departure. When I look at the statutory factors, were I to depart in this case, it would run afoul of the statutory factors under 18 USC 3553(a). I won't go into all the considerations in denying the variance, except to note a couple things. There's no basis for a health departure for the reasons set out in [the prosecutor's] memo and the case law of the Eighth Circuit. In methamphetamine distribution conspiracies, there is not always a role reduction. I have had other cases where we had co-equal partners, who did about the same thing in a conspiracy, and I did not increase the role in the offense for any of the co-conspirators. This case, clearly the adjustment of role in the offense is warranted by the criminal conduct. The Defendant already has the benefit of criminal history category I. Criminal history category I is any person who has zero to one criminal history points. And so I just – I just don't see any basis to vary downward after looking at the statutory factors.

Sent. Tr. at 43-44. The prosecutor later brought to the district court's attention that it had referred to the terms "departure" and "variance" interchangeably; the district court then clarified that it was referring to a "variance." Id. at 49. The district court ultimately sentenced Chase to 235 months in prison. Chase filed a timely appeal.

II

Our post-Booker review of sentences begins with ensuring there were no significant procedural errors committed by the district court, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on

clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" United States v. Aguilera, 523 F.3d 876, 877 (8th Cir. 2008) (quoting Gall v. United States,128 S. Ct. 586, 597 (2007)). If the sentence is procedurally sound, we then review its substantive reasonableness under an abuse-of-discretion standard. Id.

Chase argues his sentence is unreasonable. He also contends the district court did not properly consider his motion for a downward variance; specifically, he claims the district court equated the standards for motions for downward departures with motions for downward variances.

Variances do differ from departures. See United States v. Myers, 503 F.3d 676, 684 (8th Cir. 2007) ("Guidelines departures and post-*Booker* variances are different. There may well be cases that would not justify a departure under the Guidelines but which are appropriate for a variance.") (internal citation and quotations omitted). Factors ordinarily considered irrelevant in calculating the advisory guideline range, or in determining whether a guideline departure is warranted, can be relevant in deciding whether to grant a variance. Cf. United States v. White, 506 F.3d 635, 644 (8th Cir. 2007) (rejecting the government's argument that a sentence was unreasonable because a variance was based "in part of some factors ordinarily considered irrelevant in calculating the advisory guideline range[.]").

In fashioning a "sentence sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), "district courts are not only permitted, but required, to consider 'the history and characteristics of the defendant.'" White, 506 F.3d at 644 (quoting 18 U.S.C. § 3553(a)(1)). As a consequence, factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit, etc., can form the bases for a variance even though they would not justify a departure. Id. (citing United States v. Ryder, 414 F.3d 908, 920 (8th Cir. 2005) (remanding for resentencing where a district court believed it lacked discretion to vary based on the defendants' ill health and advanced ages); and United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir.

2005) (approving of the consideration of non-Guidelines factors such as prior military service, the pregnancy of the defendant's wife, a defendant's need to care for his children, and a defendant's entrepreneurial spirit, in fashioning an appropriate sentence)).  In addition, factors that have already been taken into account in calculating the advisory guideline range, such as a defendant's lack of criminal history, can nevertheless form the basis of a variance.  Id.

In this case, the district court said there was "no factual basis that would warrant a downward [variance]."  The district court also said a variance "would run afoul of the statutory factors under 18 USC 3553(a)" and "I just don't see any basis to vary downward after looking at the statutory factors."  While those statements may be accurate with respect to the propriety of a downward departure, they are all incorrect with respect to a downward variance for the reasons we just summarized.  Chase's advanced age, prior military service, health issues, and employment history were all factual bases that would warrant a downward variance without running afoul of the statutory factors under § 3553(a).  In addition, Chase's lack of criminal history, even though already taken into account in calculating his advisory guideline range, could nevertheless have formed the basis for a variance.  The district court's inaccurate statements support Chase's claim the district court improperly equated a downward variance with a downward departure and suggest the district court did not properly exercise its discretion in considering Chase's motion for a downward variance.

The government contends the district court's inaccurate statements should not be read literally, but should be interpreted to mean the district court properly considered Chase's motion and simply did not believe the facts of this case warranted a variance.  We agree that is one plausible interpretation of the district court's comments.  An equally plausible interpretation, however, is that the district court analyzed the variance as a departure and did not properly consider factors it was required to consider when addressing a variance.  Because the record before us is unclear, we must remand this case for resentencing.  See United States v. Roberson,

517 F.3d 990, 995 (8th Cir. 2008) (requiring remand when "[i]t is unclear whether the district court declined to use its discretion in the requested manner . . . or because it did not find that the disparity warranted any variance from the guidelines.").

We take this opportunity to make one additional point. When specifically addressing Chase's request for a variance because of his health problems, the district court said "[t]here's no basis for a health [variance] for the reasons set out in [the prosecutor's] memo and the case law of the Eighth Circuit."[1] The prosecutor's memo discussed the standard for granting a health departure, however, and cited departure cases when claiming a variance was appropriate only in "extraordinary circumstances." Thus, the district court's statement could be interpreted to mean, in denying Chase's request for a downward variance, the district court felt bound by departure precedent requiring "extraordinary physical impairment" before a departure can be granted. See, e.g., United States v. Coughlin, 500 F.3d 813, 818 (8th Cir. 2007) (discussing the standard set forth in U.S. Sentencing Guidelines Manual § 5H1.4 for granting a downward departure based on a defendant's health).

Although we have applied departure precedent when addressing a variance, see United States v. Charles, 531 F.3d 637, 641 (8th Cir. 2008) (using the three-part test for health departures to analyze the propriety of a health variance), we now clarify that departure precedent does not *bind* district courts with respect to variance decisions, it is merely persuasive authority. Charles's use of departure precedent to analyze a variance does not directly conflict with our cases clearly distinguishing between variances and departures in the post-Booker sentencing world. But to the extent Charles may create an implicit conflict with these cases, we are free to choose the better-reasoned line of cases, see Toua Hong Chang v. Minnesota, 521 F.3d 828, 832

---

[1]The statement that there was "no basis" for a health variance is incorrect for the reasons we have already discussed; Chase's health problems could have been a factor considered in granting a downward variance even though they may not have justified a downward departure.

n.3 (8th Cir. 2008), and feel obligated by the Supreme Court's recent pronouncements on sentencing to iterate that the standards governing departures do not bind a district court when employing its discretion with respect to variances.

III

We reverse and remand for resentencing.

GRUENDER, Circuit Judge, concurring.

I concur in the Court's judgment, but I write separately because I would remand on a more limited basis. I would remand solely because of the district court's apparent reliance on our cases requiring "extraordinary physical impairment" for a departure based on a defendant's health to deny Chase's request for a variance based on his health.

Subsequent to the sentencing hearing, our court affirmed another district court's refusal to grant a downward variance by referring to the "extraordinary physical impairment" standard for health departures set forth in U.S.S.G. § 5H1.4. *Charles*, 531 F.3d at 641. We found that Charles did not meet the three-part test for a downward departure, so his "health concerns require[d] no variance." *Id*. Although the Court states that *Charles* does not directly conflict with our cases that distinguish between variances and departures and that *Charles* therefore "does not *bind* district courts with respect to variance decisions," *ante* at 6, in my view, *Charles* effectively imports the guidelines' departure requirement in § 5H1.4 to a variance request based on a defendant's health. This creates a conflict with our line of cases that do not impose such a requirement. *See, e.g.*, *United States v. White*, 506 F.3d 635, 647 (8th Cir. 2007); *United States v. Wadena*, 470 F.3d 735, 739-40 (8th Cir. 2006). Where there are conflicting lines of cases, the Court has discretion to follow either line. *See Hartsfield v. Nichols*, 511 F.3d 826, 831 n.4 (8th Cir. 2008). Because I agree with our

-7-

line of cases that do not import the guidelines' departure requirement to a variance request based on a defendant's health, I would choose not to apply *Charles.* Therefore, I would remand to allow the district court to consider Chase's variance request without imposing the "extraordinary physical impairment" requirement.

I am not convinced, however, that the district court's other statements showed that the court believed it lacked the authority to grant a variance based on the other relevant factors, such as Chase's age, employment history and criminal history. In my view, the district court properly considered the § 3553(a) factors and concluded that the facts in this case did not warrant a variance. The district court specifically referred to Chase's age, education, alcohol problems, physical condition, financial situation and lack of dependents. As a result, we may reasonably infer that the district court was aware of and considered the relevant § 3553(a) factors in this case. *See United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008) (explaining that we must consider "the entire sentencing record, not merely the district court's statements at the [sentencing] hearing," and that the court's reference to some of the § 3553(a) factors implies that the court "was aware of the entire contents of the relevant statute"); *see also United States v. Mooney*, 534 F.3d 944, 947 (8th Cir. 2008), *cert. denied*, 555 U.S. ---, 129 S. Ct. 1023 (2009). Indeed, "*Booker*, *Rita*, and *Gall* were hardly obscure decisions likely to have been overlooked by federal sentencing judges . . . ." *Gray*, 533 F.3d at 943. Thus, I conclude that the district court considered the relevant § 3553(a) factors and simply declined to vary from Chase's advisory sentencing guidelines range. Nevertheless, because I am concerned that the district court may have felt constrained to apply the guidelines' departure requirement to Chase's request for a variance based on his health, I concur in the Court's decision to vacate the sentence and remand for further consideration.

_____