**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4584

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY BERNARD DILLON,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William D. Quarles, Jr., District
Judge. (1:04-cr-00456-WDQ-1)

Argued: October 30, 2009          Decided: December 9, 2009

Before MICHAEL, KING, and AGEE, Circuit Judges.

Vacated and remanded for resentencing by unpublished per curiam
opinion.

**ARGUED:** Gary Allen Ticknor, Elkridge, Maryland, for Appellant.
Judson T. Mihok, OFFICE OF THE UNITED STATES ATTORNEY,
Baltimore, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein,
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Bernard Dillon pled guilty, pursuant to a written plea agreement, to fraudulent use of an access device in violation of 18 U.S.C. § 1029(a)(5). Dillon's advisory Guidelines range was calculated at 30 to 37 months' imprisonment, but the district court departed upward sentencing him to 87 months of incarceration. On appeal, we vacated and remanded the sentence based on several procedural errors at Dillon's first sentencing hearing. See United States v. Dillon, 251 Fed. Appx. 171, 173 (4th Cir. 2007) (unpublished). At resentencing, the district court again deviated upward from the suggested Guidelines range, this time imposing an 84-month sentence. Dillon now raises several issues related to the procedural reasonableness in the imposition of his sentence. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. For the reasons set forth below, we again vacate Dillon's sentence and remand to the district court for resentencing.

The Presentence Investigation Report ("PSR") in this case placed Dillon's base-offense level at 6.[1] After incorporating 2-level increases for causing a loss exceeding $5,000, having 10 or more victims, stealing from a person, and using sophisticated means, as well as a 2-level reduction for acceptance of responsibility, the PSR established an adjusted-offense level of 12. In combination with a criminal history category of VI, the PSR yielded a suggested Guidelines range of 30 to 37 months' imprisonment. The PSR did not list any grounds for an upward departure from the advisory Guidelines range.

At the first sentencing proceeding, Dillon and the Government requested the district court impose a sentence within the suggested Guidelines range.[2] The district court declined to do so because of Dillon's extensive criminal history:

> You have, by my count, and discounting the drug conviction, 23 convictions in seven different states: Minnesota, Indiana, Florida, Ohio, Illinois, Texas, New York. You've used 29 aliases in your career, and although it is common, I suppose, these things, in theft cases, your case is an extraordinary one, in the geographic range of your theft activities, and over

---

[1] Dillon pled guilty to credit card fraud in violation of 18 U.S.C. § 1029(a)(5) after authorities located stolen credit and bank cards, counterfeiting materials, and various stolen goods and identification documents in his possession.

[2] Dillon's plea agreement obligated the Government to recommend a sentence within the advisory Guidelines range.

> the period of time, you have convictions at the age of 18, 19, 21, 22, 24, 25, 26, 29, 30, 33, 36, 38, 39, each of these ages you've got convictions and some years multiple convictions, and I note that this offense was done when you were on parole for a robbery offense.

Joint Appendix ("J.A.") at 51.

Dillon's "appalling record" prompted the district court to conclude that an extended term of imprisonment was necessary to protect the public and to give Dillon the chance "to make preparations in some fashion for a non criminal career." Id. at 51-52. The district court then determined that to accomplish that goal it would make an upward departure under the Guidelines from a criminal history category VI, offense level 12. The court did not specifically reference U.S.S.G. § 4A1.3(a), but stated: "I am going to depart upward in the advisory [G]uidelines to sentence you at a Criminal History VI and offense level 22. I'm going to impose a sentence at the bottom of those [G]uidelines; that is an 87-month sentence. That's a seven-year sentence."[3] Id. at 53.

---

[3] There is some confusion as to whether the district court originally intended to impose a sentence of 84 or 87 months. As we explained in our first opinion in this case, the district court's "orally pronounced sentence was eighty-seven months" and "the orally pronounced sentence controls." Dillon, 251 Fed. Appx. at 172 n.1; see also United States v. Morse, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

4

On appeal, Dillon argued the district court erred in departing upward without providing prior notice, or following the "incremental approach" mandated by both § 4A1.3(a)(4)(B) and our precedent. See Dillon, 251 Fed. Appx. at 172-73. We held that the district court "adequately stated its reasons for departing pursuant to § 4A1.3" and that "the departure was based on proper factors." Id. at 173.

However, we vacated Dillon's sentence because the district court failed to provide "either the incremental analysis required by § 4A1.3 or the extensive justification required by dramatic departures." Id. (quotations omitted). On remand, we stated the district court "should explain why category VI is inadequate, and 'move incrementally down the sentencing table to the next higher offense level until it [found] a guideline range appropriate to the case.'" Id. (quoting U.S.S.G. § 4A1.3(a)(4)(B)). We provided this stipulation because the district court "said nothing about how it determined the extent of the departure."[4] Id.

---

[4] We also held that the district court erred in failing to give Dillon notice of its intent to depart from the suggested Guidelines range before it imposed sentence. See Dillon, 251 Fed. Appx. at 172-73; see also Fed. R. Crim. P. 32(h). Dillon does not raise any notice issue in the instant appeal and we consider none. See also Irizarry v. United States, 128 S. Ct. 2198, 2201-02 (2008).

Upon remand, Dillon's second sentencing proceeding commenced after the Supreme Court issued its decision in Gall v. United States, 552 U.S. 38 (2007). The district court initially opined that, after Gall, "some of the considerations" we relied upon in remanding Dillon's case for resentencing were "perhaps no longer operative." J.A. at 64. Then, the court reaffirmed its sentence was a departure under the Guidelines and noted the Fourth Circuit had confirmed that "I adequately stated the reasons for departing and the departure was based on proper factors; however, there is some disagreement on the part of the Fourth Circuit with the degree or the magnitude of the departure." Id. at 65. Despite the direction of our mandate, the district court never mentioned U.S.S.G. § 4A1.3(a) or described an upward departure analysis under that section. The district court' sentence and rationale was the following:

> I think, in reanalyzing the case under Gall, I come out the same place where I was when I imposed the original sentence; that is, Mr. Dillon, I commit you to serve a term of imprisonment of 84 months with the remaining conditions as imposed, and I do that in light of the numerous convictions in numerous jurisdictions which I detailed at the original sentencing, which was noted by the Court of Appeals in its decision. I incorporate from that original sentencing my reasoning.

Id.

6

II.

Under Gall, we review all sentences for reasonableness under a "deferential abuse-of-discretion standard," regardless of whether the sentence selected by the district court is "inside, just outside, or significantly outside" the suggested Guidelines range. Gall, 552 U.S. at 41. Appellate review under this standard encompasses a procedural and a substantive component. See United States v. Heath, 559 F.3d 263, 266 (4th Cir. 2009).

To ensure a sentence is procedurally reasonable, we inquire whether the district court followed the correct path in reaching its selected sentence. Significant deviations from this path, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range," require resentencing. Gall, 552 U.S. at 51. Compliance with these procedural requirements is important because they ensure the district court gives "serious consideration to the extent of any departure from the Guidelines," which are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." Id. at 46. Only

7

if a sentence is procedurally reasonable do we proceed to consider the substantive reasonableness of the district court's chosen sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

## III.

In this appeal, Dillon argues that his 84-month sentence is procedurally unreasonable because the district court effected a 10-level Guidelines departure without employing the "incremental approach" established by § 4A1.3(a)(4)(B) and did not follow the mandate of this Court as we instructed on remand. Thus, Dillon maintains his sentence should be vacated as procedurally unreasonable and that he is entitled to a new sentencing hearing.[5]

---

[5] Dillon makes the alternative argument on appeal that even if the district court varied from the Guidelines at his second sentencing proceeding under the factors laid out in 18 U.S.C. § 3553(a), the district court did not sufficiently explain how it reached its chosen sentence. Because we vacate the sentence on other grounds, we do not address this contention. Dillon also argues that at least one of the district court's reasons for departing upward from the suggested Guidelines range is not supported by the record. Again, because we remand for resentencing on other grounds, we do not address this argument on appeal. See United States v. Passaro, 577 F.3d 207, 223 (4th Cir. 2009). Nothing in our decision should be construed to prevent Dillon from presenting these arguments to the district court on remand. See id.

A.

The "same facts and analyses" may support "a Guidelines departure and a variance," but these concepts remain "distinct" even after the Supreme Court's decision in Gall. United States v. Grams, 566 F.3d 683, 687 (6th Cir. 2009). Indeed, the Supreme Court explained in Irizarry v. United States, 128 S. Ct. 2198 (2008) that a "[d]eparture" is a "term of art" that refers to a non-Guidelines sentence "imposed under the framework set out in the Guidelines." 128 S. Ct. at 2202. A "variance[]," in contrast, denotes a non-Guidelines sentence reached under the factors laid out in "18 U.S.C. § 3553(a)." Id. at 2203.

Whether the district court chooses to depart or vary from the suggested Guidelines range has "real consequences for an appellate court's review." United States v. Brown, 578 F.3d 221, 226 (3d Cir. 2009). The Supreme Court in Irizarry, for example, held that Federal Rule of Criminal Procedure 32(h)'s notice requirement applies to departures, but not to variances.[6] See Irizarry, 128 S. Ct. at 2201-02. Furthermore, the "permissible factors justifying traditional departures differ

---

[6] Rule 32(h) requires the district court to give "the parties reasonable notice" if it intends to depart on a "ground not identified for departure either in the presentence report or in a party's prehearing submission." Fed. R. Crim. P. 32(h). The notice rendered under this section "must specify any ground on which the court is contemplating a departure." Id.

from — and are more limited than — the factors a court may look to in order to justify a post-Booker variance." United States v. Hampton, 441 F.3d 284, 288 n.2 (4th Cir. 2006); see also United States v. Chase, 560 F.3d 828, 830 (8th Cir. 20009); United States v. Stephens, 549 F.3d 459, 466-67 (6th Cir. 2008). Because departures are thus "subject to different requirements than variances," United States v. Floyd, 499 F.3d 308, 311 (3d Cir. 2007), it is important for district courts to "'articulate whether a sentence is a departure or a variance from an advisory Guidelines range.'" Brown, 578 F.3d at 226 (quoting United States v. Vampire Nation, 451 F.3d 189, 198 (3d Cir. 2006)).[7]

The district court's intention to effect a departure at Dillon's initial sentencing proceeding is not in doubt, as the court explained that it would "depart upward in the advisory [G]uidelines to sentence [Dillon] at a Criminal History [Category of] VI and offense level [of] 22" — not the offense level of 12 contained in the PSR. J.A. at 53. On remand, the district court gave no indication that it intended to sentence Dillon other than by the same upward departure. The court noted that "I adequately stated the reasons for departing and the

---

[7] See Grams, 566 F.3d at 688 (remanding for resentencing based, in part, on the district court's failure to explain whether it departed or varied from the defendant's suggested Guidelines range).

10

departure was based on proper factors . . . and I incorporate from that original sentencing my reasoning." Id. at 65 (emphasis added). The district court relied almost exclusively on its prior departure analysis in sentencing Dillon to 84 months' imprisonment. Thus, it is clear Dillon's current sentence is based on a Guidelines departure.

### B.

Having confirmed that Dillon's 84-month sentence constitutes a departure by the district court from the Guidelines range, we now turn to Dillon's contention that the district court erred in failing to follow the "incremental approach" under U.S.S.G. § 4A1.3(a)(4)(B) as our precedent for upward departures from a criminal history category VI indicates and as our mandate directed. The "extent" of an upward departure under § 4A1.3 is generally determined by reference to the criminal history category that "most closely resembles that of the defendant's." U.S.S.G. § 4A1.3(a)(4)(A). But a different procedure is required where, as here, the defendant already possesses a criminal history category of VI — the maximum criminal history category established by the Guidelines. In that case, the Guidelines instruct the district court to move "incrementally down the sentencing table to the next higher

11

offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." Id. § 4A1.3(a)(4)(B).

The district court, however, appeared to believe that the Supreme Court's decision in Gall obviated the need for it to follow the incremental procedure required by § 4A1.3(a)(4)(B), our precedent, and the mandate when sentencing based on an upward departure. This conclusion was in error.

In Gall, the Supreme Court addressed a variance imposed under the factors laid out in § 3553(a), not a departure conducted pursuant to the Guidelines.[8] See United States v. Autery, 555 F.3d 864, 872 n.7 (9th Cir. 2009). Our precedent relating to the proper procedures for executing Guidelines departures when that is the procedure utilized by the district court remains unaltered by the Supreme Court's decision in Booker and subsequent sentencing cases. See, e.g., United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007); United States v. Rusher, 966 F.2d 868, 885 (4th Cir. 1992). As the Tenth Circuit explained, "[w]hile Booker made application of the

---

[8] See Gall, 552 U.S. at 56 ("The Court of Appeals gave virtually no deference to the District Court's decision that the § 3553(a) factors justified a significant variance in this case."); id. at 59-60 ("[I]t is not for the Court of Appeals to decide de novo whether the justification for a variance is sufficient . . . . On abuse-of-discretion review, the Court of Appeals should have given due deference to the District Court's . . . decision that the § 3553(a) factors, on the whole, justified the sentence.").

12

sentencing [G]uidelines advisory rather [than] mandatory, it did not impact pre-existing law concerning the interpretation of any sentencing guideline or expand the availability of departures under the sentencing [G]uidelines." United States v. Beltran, 571 F.3d 1013, 1019 (10th Cir. 2009). Thus, when a district court proceeds to impose a sentence based on the Guidelines, it must correctly follow the Guidelines to avoid an error of procedural unreasonableness.

The Supreme Court's sentencing cases simply establish that district courts have the "discretion to vary from the [Guidelines] range if a variance" is appropriate under 18 U.S.C. § 3553(a).[9] Id. We discussed the Supreme Court's recent development of non-Guidelines methods for deviating from the Guidelines range in United States v. Evans, 526 F.3d 155 (4th Cir. 2008), in which we explained:

> Gall and Rita . . . firmly establish that although adherence to the advisory Guidelines departure provisions provides one way for a district court to fashion a reasonable sentence outside the Guidelines range, it is not the only way. Rather, after calculating the correct Guidelines range, if the district court determines that a sentence outside that range is appropriate, it may base its sentence on the

---

[9] Cf. United States v. Lofink, 564 F.3d 232, 240 n.17 (3d Cir. 2009) ("The Supreme Court has given wide latitude to district courts to vary from the Guidelines range under § 3553(a) . . . . But it has not extended that latitude to a district court's procedure for determining the advisory Guidelines range.").

13

> Guidelines departure provisions or on other factors
> [i.e., the 18 U.S.C. § 3553(a) factors] so long as it
> provides adequate justification for the deviation.

526 F.3d at 164. Because the district court in this case chose to make its sentence for Dillon as an upward departure under the Guidelines, not a variance or other factor as allowed by the Supreme Court's recent cases, the traditional rules for Guidelines departures continued to apply.

The district court thus procedurally erred in failing to conduct the "incremental analysis" required for departures beyond a criminal history category of VI. We do not "require a sentencing judge to move only one" offense level at a time, rejecting "each and every intervening level" in turn. Dalton, 477 F.3d at 199 (quotations omitted). We do, however, require the district court to adequately explain its decision to deviate from the Guidelines range and the applicable Guidelines requirements like U.S.S.G. § 4A1.3(a)(4). See United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In other words, the district court "must expressly articulate not only the legal and factual reasons for a departure, but also the logical foundation for the degree of departure selected." United States v. Robertson, 568 F.3d 1203, 1214 (10th Cir. 2009). Furthermore, the district court should tie its rationale for the extent of a particular departure to the Guidelines'

14

"existing structure." See United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992); see also U.S.S.G. § 4A1.3(a)(4).

Moreover, the district court was not free to ignore our mandate. As noted above, its view that Gall voided the mandate as to following U.S.S.G. § 4A1.3(a)(4)(B) was incorrect under the facts of this case. Accordingly, as our precedent clearly holds, the district court was required to follow the direction of our mandate upon remand.[10] See, e.g., Invention Submission Corp. v. Dudas, 413 F.3d 411, 414-15 (4th Cir. 2005).

The district court sufficiently explained the legal and factual bases for its decision to depart, see Dillon, 251 Fed. Appx. at 173, as we frequently approve upward deviations from the suggested Guidelines range based on a defendant's intransigent recidivism. See, e.g., Heath, 559 F.3d at 268; Evans, 526 F.3d at 163-64. But a district court does not fulfill its "explanatory duty merely by stating the bases for the departure;" it must also disclose its "reasons for the sentence actually imposed." Robertson, 548 F.3d at 1214-15; see also United States v. Moreland, 437 F.3d 424, 432 (4th Cir.

---

[10] To the extent our prior decision directed the district court to provide an "extensive justification required by dramatic departures," Dillon, Fed. Appx. at 173, that proposition was negated by Gall. See 542 U.S. at 47 ("We reject . . . an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range.").

2006).  Because the district court chose to base the sentence on a Guidelines upward departure, it was necessary, as a matter of procedural reasonableness, that the district court follow the Guidelines' existing structure as required by § 4A1.3 and our precedent.  "It is axiomatic that a district court commits reversible procedural error when it fails to explain a departure or variance."  United States v. Passaro, 577 F.3d 207, 223 (4th Cir. 2009).

We, therefore, vacate Dillon's sentence and remand for resentencing.  See United States v. Perez-Pena, 453 F.3d 236, 241 (4th Cir. 2006).  In resentencing, the district court should explain why category VI, offense level 12 is inadequate, "moving incrementally down the sentencing table to the next higher offense level in . . . [c]ategory VI until it finds a guideline range appropriate to the case."  U.S.S.G. § 4A1.3(a)(4)(B); see also Dalton, 477 F.3d at 200 n.3.

VACATED AND REMANDED FOR RESENTENCING

16