# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 09-2388

————

United States of America,

               Appellee,

v.

Ira Gene Chase,

               Appellant.

\*       Appeal from the United States
\*       District Court for the Northern
\*       District of Iowa.

\*       [UNPUBLISHED]

————

Submitted: April 13, 2010
Filed: May 12, 2010

————

Before BYE, BEAM, and GRUENDER, Circuit Judges.

————

PER CURIAM.

Ira Chase challenges the substantive reasonableness of the within-guidelines sentence of 235 months the district court[1] imposed following our remand for re-sentencing. See United States v. Chase, 560 F.3d 828, 831 (8th Cir. 2009). Chase pleaded guilty, without the benefit of a plea agreement, to a two-count indictment for attempt to distribute and conspiracy to distribute over 500 grams or more of a mixture containing methamphetamine. At the time of his plea, Chase was sixty-two years old. His criminal history category was I, and his offense level was thirty-seven. The

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

recommended guideline range was between 210 and 262 months. Prior to sentencing, Chase filed a motion for downward variance, asking for the mandatory minimum of 120 months, on the basis of, among other things, his advanced age, poor health, and low criminal history. The district court declined to vary downward, but on appeal, we reversed and remanded for re-sentencing, holding that the district court used language making it difficult to discern whether it had confused a downward departure with a downward variance. Id. at 831-32. Upon remand and re-sentencing, the district court carefully distinguished between a downward variance and departure, declined to vary, and re-sentenced Chase to 235 months' imprisonment.

We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). No abuse of discretion occurred here. Chase cites to numerous cases wherein a variance was granted for advanced age and health reasons. However, while the district courts in those cases appropriately exercised their discretion in granting a variance under the facts presented, the district court's refusal to similarly vary in this case was not an abuse of its discretion. Accordingly, we affirm.

_____