# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3058

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Martha Ellen Lounsbury, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 12, 2010
Filed: July 28, 2010

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Martha Lounsbury pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 1346. The district court[1] sentenced Lounsbury to 72 months' imprisonment. On appeal, Lounsbury asserts that her sentence is unreasonable. We disagree and affirm the judgment of the district court.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

## I. *Background*

In early 2004, Lounsbury received a telephone call from a family friend who was concerned about the mental state of Lounsbury's aunt, DF. Lounsbury visited her aunt and on March 10, 2004, DF executed a power of attorney giving Lounsbury the authority to handle DF's care and financial affairs. In May 2004, DF moved from Indianapolis, Indiana to Crete, Nebraska, and into an apartment across the hall from Lounsbury. Lounsbury became DF's caretaker.

At some point after DF moved to Nebraska, Lounsbury began converting DF's money. In November 2005, Lounsbury placed DF in the Alzheimer's wing of a nursing home in Crete. While DF resided in the apartment and in the nursing home in Crete, Lounsbury removed approximately $244,953 from DF's accounts. Lounsbury paid the nursing home approximately $60,000 and expropriated the rest.

The presentence investigation report set a base offense level of 7 pursuant to U.S.S.G. § 2B1.1(a)(1). The district court adjusted that level upward due to the amount of loss, a vulnerable victim being involved (§ 3A1.1(b)(1)), and Lounsbury's abuse of a position of trust (§ 3B1.3). The district court then granted a three-level downward adjustment for Lounsbury's acceptance of responsibility. These adjustments brought Lounsbury's total offense level to 18. Lounsbury had no criminal record placing her in criminal history category I. These calculations established a Guidelines range of 27 to 33 months' imprisonment.

At the sentencing hearing, the district court stated its intent to vary upward and impose a sentence of 72 months' imprisonment. The district court based its decision on Lounsbury's long history of drug and alcohol abuse, pretrial release violations, abuse of DF's trust (who was a vulnerable victim), deprivation of DF's familial contacts, and the lengthy duration of the fraud. Lounsbury's counsel argued that the court based its reasoning for the upward variance upon an inaccurate factual understanding. Lounsbury further argued that the Guidelines already accounted for her

conduct by adjustments to her base offense level. After hearing additional testimony, the district court sentenced Lounsbury to 72 months' imprisonment. Lounsbury appeals.

## II. *Discussion*

On appeal, Lounsbury challenges the reasonableness of the district court's 72-month sentence. She contends that the sentence given far exceeds what is necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). She argues that the court considered the Guidelines range to be inadequate before fully hearing her mitigating testimony.

Second, Lounsbury contends that although the district court considered the appropriate factors, it committed clear error in weighing those factors. Alternatively, Lounsbury argues that the district court failed to consider relevant factors offered through her testimony, which should have received significant weight.

Finally, Lounsbury contends that the Guidelines provisions for vulnerable victim and abuse of a position of trust sufficiently increased her base sentence, making a further variance unnecessary. Thus, Lounsbury argues that the district court's 72-month sentence is an abuse of discretion and substantively unreasonable.

"On appeal, we will review a sentence for an abuse of discretion, giving due deference to the district court's decision." *United States v. Braggs*, 511 F.3d 808, 812 (8th Cir.2008) (*citing Gall v. United States*, 552 U.S. 38, 51 (2007)).

> First, we must ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. If the sentence is procedurally sound, we then consider the

-3-

substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, and we may apply a presumption of reasonableness to a sentence within the advisory Guidelines range.

*United States v. Lomeli*, 596 F.3d 496, 503 (8th Cir. 2010) (internal quotations, alterations, and citations omitted).

An abuse of discretion may occur when (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a clear error of judgment.

*United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009) (internal quotations, alteration, and citations omitted).

We hold that the district court did not abuse its discretion. First, Lounsbury offers inadequate support for her contention that the district court prejudged her sentence before it heard all of the facts. The district court heard all the testimony and stated its consideration of the § 3553(a) factors. Lounsbury's arguments dispute the district court's reasoning, but we conclude that the court's process was sound. Accordingly, this argument fails because "[w]e presume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors." *United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009) (internal quotations and citation omitted).

Similarly, Lounsbury identifies no reversible error in the district court's consideration of the § 3553(a) factors. On the contrary, as discussed infra, the record reflects that the district court adequately considered the relevant § 3553(a) factors, committed no error in weighing those factors, and imposed a reasonable sentence given this case's specific facts. Furthermore, "[u]nder the deferential

abuse-of-discretion standard described in *Gall*, the court has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009).

Finally, in *United States v. Chase*, we stated that "[f]actors ordinarily considered irrelevant in calculating the advisory guideline range, or in determining whether a guideline departure is warranted, can be relevant in deciding whether to grant a variance." 560 F.3d 828, 830 (8th Cir. 2009). We further stated that "factors that have already been taken into account in calculating the advisory guideline range . . . can nevertheless form the basis of a variance." *Id.* at 831.

In this case, the district court specifically noted Lounsbury's egregious acts. In deciding to vary upward from the Guidelines the court noted the following: (1) Lounsbury's long history of drug and alcohol abuse; (2) Lounsbury's failure to abide by the conditions of her pretrial release; (3) Lounsbury's abuse of the trust and the abandonment of her aunt, a vulnerable victim, which resulted in her aunt being deprived of the comfort of family members during her final years; and (4) the three-year duration of the fraud. Furthermore, other testimony at the sentencing hearing showed that Lounsbury used some of the stolen money to buy drugs for her husband and that she abandoned the victim, an elderly woman, for at least a year when she alone held healthcare power of attorney for the victim. We conclude that these facts sufficiently justified an additional upward variance despite the application of the vulnerable victim and the abuse of a position of trust Guidelines provisions.

III. *Conclusion*

The judgment of the district court is affirmed.

_____