# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1343

_____

United States of America

*Plaintiff - Appellee*

v.

America Yegile Haileselassie

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 14, 2019
Filed: June 10, 2019
[Unpublished]

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

After America Haileselassie pled guilty to an interstate communication of a threat in violation of 18 U.S.C. § 875(c), the district court[1] imposed the statutory

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

maximum sentence of 60 months of imprisonment. Haileselassie appeals his sentence. We affirm.

## I. Background

Haileselassie was enrolled as a student at Scott Community College (SCC). In November 2015, SCC Director of Operations, Matt Schmit, discovered a stack of papers printed on the Student Success Center's printer stating, "There is a bomb in the building. I will blow it up at noon today 11/2/2015." Members of the Scott County Sheriff's Office, the bomb squad, and SCC staff searched inside and outside the campus buildings and found nothing.

Two days later, Michele Plugh, an SCC employee, noticed a large stack of papers being printed containing the message, "There is a bomb at Scott Community College. It will explode at noon today." Plugh cancelled the print job and SCC later traced the job to Haileselassie. The same protocol and search of all buildings was conducted after this threat. Again no bomb was found.

The next day, law enforcement officers searched Haileselassie's residence pursuant to a state search warrant and seized a laptop, several cell phones, and thumb drives. A forensic examination of the laptop connected Haileselassie to the second threat.

After being arrested, Haileselassie wrote several letters to the U.S. Attorney's Office, SCC staff, Bettendorf Police Department, Davenport Police Department, and the Scott County Sheriff's Office asserting he was being framed and that his account passwords had been stolen after he lost his briefcase. In May and June of 2017, Quad Cities Crimestoppers received anonymous tips from a caller claiming another individual was responsible for the bomb threats. Records from the Muscatine County

Jail showed Haileselassie made calls to Crime Stoppers on the same days as the anonymous tips.

A grand jury indicted Haileselassie on interstate communication of a threat in violation of 18 U.S.C. § 875(c) and he ultimately pled guilty. At sentencing the district court applied two upward enhancements under the U.S. Sentencing Commission Guidelines Manual ("the Guidelines") for substantial disruption of governmental function and obstruction of justice. *See* U.S.S.G. §§ 2A6.1(b)(4)(A), 3C1.1. The Guidelines sentence range for the offense, given Haileselassie's category V criminal history and the enhancements, was 37–46 months. The district court varied upward and imposed 60 months of imprisonment (the statutory maximum) based on 18 U.S.C. § 3553(a) factors.

## II. Analysis

Haileselassie argues the district court improperly applied the two sentence enhancements, erred in "departing" upward to the statutory maximum, and imposed an unreasonable sentence. Because we can resolve the appeal on his third and fourth arguments, we consider those arguments first.

Haileselassie argues the district court erred in departing from the sentencing Guidelines. However, the record shows the district court considered the Guidelines range and the factors specified in § 3553(a) to vary upward to 60 months of imprisonment. Variances differ from departures. *See United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009). A variance is based on § 3553(a) factors and a departure is imposed under the framework of the Guidelines. *See United States v. Solis-Bermudez*, 501 F.3d 882, 884 (8th Cir. 2007); *see also Irizarry v. United States*, 553 U.S. 708, 714 (2008). A variance can include factors already included in the Guidelines. *Chase*, 560 F.3d at 831. As the district court properly applied § 3553(a) factors for an upward variance, there is no departure from the sentencing Guidelines.

Haileselassie also argues the district court erred in imposing an unreasonable sentence. As set out above, there was no procedural error and so the only review is for substantive reasonableness. *See Gall*, 552 U.S. at 51. We review the substantive reasonableness for abuse of discretion. *See United States v. Watters*, 883 F.3d 1022, 1028 (8th Cir. 2018). A sentencing court abuses its discretion "when it fails to consider a relevant factor . . . [or] gives significant weight to an improper or irrelevant factor." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)).

Here there was no abuse of discretion. The district court appropriately applied the § 3553(a) factors. *See Gall*, 552 U.S. at 59–60 (holding a Court of Appeals should give deference to the "reasoned and reasonable decision that the § 3553(a) factors . . . justified the sentence"). The district court found Haileselassie had an extensive criminal history, including multiple convictions for threats, false reports, harassment, assault, trespass, and mailing threatening communications. *See* § 3553(a)(1). The district court further noted a bomb threat was exceedingly serious and this was compounded by Haileselassie's repeated conduct of making threats. *See* § 3553(a)(2)(A). The district court observed Haileselassie appeared to inflict fear for his own enjoyment and it gave weight to the fact he acted reprehensibly by giving false leads accusing an innocent person of his crime. The district court also found a need existed to protect the public from further crimes by the defendant. *See* § 3553(a)(2)(C). We conclude the district court reviewed the relevant factors when imposing the statutory maximum and did not give weight to irrelevant or improper factors. Therefore, the district court's sentence is reasonable.

We need not address Haileselassie's arguments about the substantial disruption and obstruction of justice enhancements because he could not show that any possible error associated with imposing the enhancements impacted his sentence. The district court relied on § 3553(a) factors to vary the sentence upward to 60 months, finding

"the Guideline sentencing system inadequately addresses the circumstances of this defendant and that the range is unreasonable." Because the district court stated only the statutory maximum would suffice under the § 3553(a) factors and the Guidelines range was already too low, there is no indication that if the district court calculated a lower Guidelines range it would have imposed a lighter sentence. *See Gall*, 552 U.S. at 59 (stating due deference must be given to the district court's decision that the § 3553(a) factors justify the variance). Therefore, any possible error associated with these enhancements would be harmless. Fed. R. Crim. P. 52(a); s*ee Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) (noting there is no reasonable probability of prejudice in a Guidelines error when the record shows "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range").

### III. Conclusion

For the reasons set forth herein, we affirm.[2]

_____

[2]We deny the pending motion for expedited decision on appeal as moot.