# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-1901
_____

United States of America

*Plaintiff - Appellee*

v.

Lewis Miles

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: April 13, 2022
Filed: August 8, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

After Lewis Miles pled guilty to conspiring to distribute methamphetamine, the district court sentenced him to 240 months of imprisonment. *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. Miles argues that his sentence is substantively unreasonable. We affirm.

Despite varying 52 months upward above the top of the advisory United States Sentencing Guidelines ("Guidelines") range, the district court[1] did not abuse its discretion. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (setting forth the standard of review). The record establishes the district court carefully considered the 18 U.S.C. § 3553(a) sentencing factors and concluded the upward variance was necessary to reflect Miles's extensive criminal history, the need to deter future criminal conduct, and the need to protect the public from further crimes by Miles. *See* 18 U.S.C. § 3553(a)(1) and (2)(B)–(C).

Miles argues the district court improperly relied on his criminal history to justify the upward variance because his criminal history was fully accounted for by the Guidelines. Not so. We have repeatedly stated, "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012) (citing *United States v. Chase*, 560 F.3d 828, 831 (8th Cir. 2009)). This may be the case, for example, when "the Guidelines do not fully account for those factors[.]" *United States v. Richart*, 662 F.3d 1037, 1052 (8th Cir. 2011). And here the district court properly concluded the Guidelines did not fully account for Miles's criminal history. Specifically, the district court emphasized that Miles had repeatedly returned to selling drugs immediately upon completing past sentences. This included the instance here where Miles dealt drugs *while* on pretrial release and *only days after* he had pled guilty to another federal drug charge. The district court's upward variance was not improper.

In sum, we conclude this is not the "unusual case" that warrants reversal due to a substantively unreasonable sentence. *Feemster*, 572 F.3d at 464. Accordingly, we affirm the judgment of the district court.

———————————————————

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.