# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2163
_____

United States of America

*Plaintiff - Appellee*

v.

John Ronald Ord

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: April 10, 2023
Filed: August 18, 2023
[Unpublished]
_____

Before BENTON, ARNOLD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

John Ronald Ord pled guilty to one count of production of child pornography. The district court[1] sentenced Ord to a term of 360 months of imprisonment, to be followed by a lifetime of supervised release. Ord appeals his sentence, arguing the

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

government breached the plea agreement, the district court committed procedural error in determining the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") range, and the district court failed to sufficiently address the 18 U.S.C. § 3553(a) factors in explaining its decision to vary Ord's sentence upward above the recommended Guidelines range. We affirm.

## I. Background

John Ord was indicted for producing child pornography in violation of 18 U.S.C. § 2251(a). Ord was later charged in a Superseding Indictment with three counts of producing child pornography, two counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a), and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

The government and Ord negotiated a plea agreement. Under the agreement, Ord would plead guilty to one count of production of child pornography while the government would dismiss all other charges upon the district court's acceptance of the guilty plea. The agreement also contained multiple stipulations. Ord's base offense level was agreed to be thirty-two under U.S.S.G. § 2G2.1(a). And there would be two levels added to the base level because the offense involved a minor under the age of sixteen under U.S.S.G. § 2G2.1(b)(1)(B), with an additional two levels added because the offense involved the use of a computer under U.S.S.G. § 2G2.1(b)(6). The parties agreed Ord would receive a reduction of two or possibly three levels for an acceptance of responsibility. The parties further stipulated that "no other enhancements or reductions under Chapter 2 or Chapter 5 of the Guidelines apply, other than those specifically set out in this agreement and its addendum." Finally, in the negotiations, the government notified Ord's counsel that it was unsure "whether, if [Ord] pled to only one count, the increase of [U.S.S.G. § 4B1.5 for repeat or dangerous sex offenders] would still apply. If it did, that would obviously affect this calculation." Prior to the sentencing hearing, the United States Probation Office prepared a presentence investigation report ("PSR"). The PSR detailed multiple other instances of Ord's alleged sexually predatory

behavior toward minors, and based on these details recommended a five-level increase to the base offense level under U.S.S.G. § 4B1.5.

Relying on the conduct outlined in the PSR, the government filed a motion requesting an upward variance to 360 months of imprisonment. At the sentencing hearing, the district court adopted the PSR. The district court calculated a Guidelines range of 235 to 293 months and varied upward to a sentence of 360 months of imprisonment, to be followed by a lifetime of supervised release. The district court explained its upward variance by stating "Mr. Ord is a dangerous sexual predator, and I think that will continue." The judgment of conviction was entered, and Ord appealed.

## II. Analysis

Ord first argues the government breached both the express terms and spirit of the plea agreement by requesting an upward variance.

"We review questions regarding the interpretation and enforcement of plea agreements de novo. Where a plea agreement has been accepted by the court, we generally interpret the meaning of the terms in the agreement according to basic principles of contract law." *United States v. Mosley*, 505 F.3d 804, 808 (8th Cir. 2007). Important to the interpretation of terms in the agreement here, we have recognized that "[v]ariances do differ from departures." *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009). Additionally, in determining a sentence, "district courts are not only permitted, but required, to consider 'the history and characteristics of the defendant'" and when considering varying downward "may [also] consider factors already taken into account in calculating the advisory guideline range." *United States v. White*, 506 F.3d 635, 645 (8th Cir. 2007) (quoting 18 U.S.C. § 3553(a)(1)).

Although material presented by the government in its request for a variance under § 3553(a) could potentially have also been presented in a request for a

departure under § 5K2.0, the express terms of the plea agreement did not preclude the government from presenting such materials. Ord nonetheless argues the government breached the spirit of the plea agreement by seeking an upward variance and cites our precedent in *United States v. Mitchell*, 136 F.3d 1192 (8th Cir. 1998). In *Mitchell*, the government stated it would make a U.S.S.G. § 5K1.1 motion for departure and did so. 136 F.3d at 1193–94. However, while the government did make the motion, it also introduced victim impact statements and made statements of its own that led the district court to deny the § 5K1.1 motion. *Id.* Here, the government agreed not to seek an upward departure under U.S.S.G. § 5K2.0. Following this agreement, the government, in contrast to the government's actions in *Mitchell*, did *not* use end-around means to seek a departure under § 5K2.0. Rather, it *separately* sought a variance under the sentencing factors listed in 18 U.S.C. § 3553(a). Again, departures and variances are distinct. *See Chase*, 560 F.3d at 830. During the plea agreement negotiations, both parties were free to stipulate that the government would be barred from seeking a variance under § 3553(a). They did not, and Ord has offered no other legal basis for concluding the government violated the spirit of the plea agreement.

Ord next argues the district court imposed a sentence based on an improper determination of the Guidelines range. Ord argues the district court erred by considering irrelevant conduct in sentencing Ord, and that the spirit of the plea agreement should have barred the enhancement under U.S.S.G. § 4B1.5 that was based on the allegedly irrelevant conduct.

In reviewing sentences, we initially "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If "the district court made no significant procedural errors[, we] then consider the sentence's substantive reasonableness under an abuse-of-discretion standard." *Id.* at 39. We have also held that "[r]elevant conduct under the

-4-

guidelines need not be charged to be considered in sentencing" *United States v. Radtke*, 415 F.3d 826, 841 (8th Cir. 2005), and "conduct comprising a dismissed count may be used as relevant conduct for sentencing purposes," *United States v. Andreano*, 417 F.3d 967, 970 (8th Cir. 2005).

Here, Ord acknowledges that the plea agreement did not stipulate the government was barred from moving for an upward variance or presenting relevant-conduct evidence in support of an enhancement under § 4B1.5. However, Ord still argues the government erred by presenting evidence in support of an enhancement under § 4B1.5 as this violated the spirit of the agreement and the government "was not free to use Chapter 4 and the trove of so-called 'relevant conduct'" as § 4B1.5 was not referenced in the plea agreement. This argument is without merit. First, the government clearly and specifically indicated to Ord's counsel during plea negotiations that an enhancement under § 4B1.5 could potentially apply. Second, we have concluded that when a "plea agreement only stipulate[s] to [a] base offense level under Chapter Two of the Guidelines" and does "not address possible adjustments 'from Part B of Chapter 4,'" then the government is free to "advocate[] for something that was not resolved by the plea agreement," such as by presenting evidence that supported an enhancement under § 4B1.5 as seen here. *United States v. Leach*, 491 F.3d 858, 864 (8th Cir. 2007).

Ord's final argument is that the district court failed to sufficiently address the § 3553(a) factors in explaining its upward variance. We review this issue for plain error as it was not raised before the district court. *See United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009). "To establish plain error, [Ord] must prove that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." *Id.* In considering relevant sentencing factors, district courts "must set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Godfrey*, 863 F.3d 1088, 1098 (8th Cir. 2017) (alteration in original) (quoting *United States v. Hill*, 552 F.3d 686, 691 (8th Cir. 2009)).

-5-

The district court determined the upward variance was necessary to prevent Ord from continuing the pattern of acts presented in the evidence put forth by the government, which included soliciting nude photographs and sex acts from children in exchange for food and money. After stating that it had considered the § 3553(a) factors and all of the evidence before the court, the district court imposed a sentence above the Guidelines range. It clearly and succinctly explained its consideration of the evidence, including through its statement that "Ord is a dangerous sexual predator, and I think this will continue." Although Ord argues the district court's explanation for its upward variance is insufficient, "[we] do not require a district court 'to provide a mechanical recitation of the § 3553(a) factors when determining a sentence. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence.'" *United States v. Walking Eagle*, 553 F.3d at 654, 659 (8th Cir. 2009) (quoting *United States v. Little Hawk*, 449 F.3d 837, 840 (8th Cir. 2006)). We detect no plain error, as the district court's explanation and consideration of the § 3553(a) factors provide sufficient support for its decision.

### III. Conclusion

We affirm the judgment of the district court.

_____