# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2341

_____

United States of America

*Plaintiff - Appellee*

v.

Wesley Running Shield

*Defendant - Appellant*

_____

No. 15-2369

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Alford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: February 12, 2016
Filed: August 8, 2016
_____

Before SMITH and COLLOTON, Circuit Judges, and GRITZNER,[1] District Judge.
_____

GRITZNER, District Judge.

A jury convicted Wesley Running Shield and Michael Alford of assault with a dangerous weapon and assault resulting in serious bodily injury. The district court[2] sentenced both Running Shield and Alford to 180 months imprisonment. The defendants appeal their sentences. We affirm.

## I.    BACKGROUND

On July 8, 2014, a grand jury issued three-count indictments against Running Shield and Alford in two separate cases: 5:14-cr-50058 (Case '058) and 5:14-cr-50059 (Case '059). The indictment in Case '058 charged Running Shield and Alford with robbery, in violation of 18 U.S.C. §§ 2111 and 1153 (Count 1); assault with a dangerous weapon (a metal bar and shod feet) with the intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3) and 1153 (Count 2); and assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153 (Count 3). The indictment in Case '058 alleged the crimes occurred in Indian country on June 12, 2014, and identified the victim of the crimes as Johnse Donovan.

The indictment in Case '059 charged Running Shield and Alford with robbery, in violation of 18 U.S.C. §§ 2111 and 1153; assault with a dangerous weapon (shod

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

[2]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

feet), with the intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3) and 1153; and engaging in abusive sexual contact, in violation of 18 U.S.C. §§ 2244(a)(1), 2, and 1153.[3] The indictment further charged that the crimes occurred in Indian country on June 10, 2014, and identified Misty Garnier and Arviso Alston as the victims of the robbery, Alston as the victim of the assault with a dangerous weapon, and Garnier as the victim of the sexual assault.

Case '058 proceeded to jury trial on February 10, 2015. The jury returned its verdicts on February 13, 2015, acquitting Running Shield and Alford of robbery (Count 1) and convicting them of assault with a dangerous weapon (Count 2) and assault resulting in serious bodily injury (Count 3). On February 18, 2015, on motion of the government, the indictment against Running Shield and Alford in Case '059 was dismissed.

Prior to sentencing, the government filed motions for upward departure based on U.S.S.G. §§ 5K2.21 (uncharged or dismissed conduct), 5K2.9 (criminal purpose), and 5K2.5 (property damage or loss), and also requested an upward variance based on the 18 U.S.C. § 3553(a) factors. Running Shield moved for a downward departure or variance alleging an overstated criminal history.

At sentencing, the district court calculated advisory sentencing guidelines ranges of 120 to 150 months for Running Shield and 92 to 115 months for Alford. The court then ruled on the motions for departure denying the government's motions for an upward departure based on § 5K2.5 and denying Running Shield's motion for a downward departure or variance. The court granted the government's motions for upward departure based on §§ 5K2.21 and 5K2.9 and sentenced both defendants to

---

[3]The first two counts of the indictment in Case '059 also named Running Shield's twin brother, Lesley Running Shield, as a defendant. On October 10, 2014, the indictment and charges against Lesley Running Shield were dismissed on the government's motion.

60 months on Count 2 and 120 months on Count 3, the terms to run consecutively, for total sentences of 180 months imprisonment. The district court announced that in the absence of the departures, it would have imposed the same sentences based upon consideration of the § 3553(a) factors.

On appeal, Running Shield and Alford dispute the district court's upward departure based on § 5K2.21 and also argue the district court violated their Sixth Amendment rights by increasing their sentences based upon facts not found by a jury beyond a reasonable doubt.

## II.    DISCUSSION
### A.    Application of § 5K2.21

Running Shield and Alford argue the "any other reason" language in § 5K2.21 did not provide the district court authority to depart upward from the advisory guideline range based upon conduct alleged in the dismissed indictment in Case '059 because the charges were not dismissed as part of a plea agreement. "We review the court's decision to depart upward for abuse of discretion." United States v. Shillingstad, 632 F.3d 1031, 1037 (8th Cir. 2011).

Section 5K2.21 provides:

> The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

At the sentencing hearing, the district court properly calculated the pre-departure advisory guidelines ranges for Running Shield and Alford.[4]  See United States v. Fairchild, 819 F.3d 399, 413 (8th Cir. 2016) ("Our first task is to ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range.") (citation and internal quotation marks omitted).  In turning to the departure motions and citing circuit precedent, the court reasoned § 5K2.21 authorized the court to consider evidence of the defendants' conduct that formed the basis of the dismissed indictment in Case '059.  See United States v. Bradford, 499 F.3d 910, 918-19 (8th Cir. 2007) ("[A] departure may be applicable even if not established by the offense of conviction if the circumstances were not taken into consideration in determining the applicable guideline range."), abrogated on other grounds by United States v. Villareal-Amarillas, 562 F.3d 892 (8th Cir. 2009); United States v. Left Hand Bull, 477 F.3d 518, 521 (8th Cir. 2006) (relying on a dismissed assault charge to support an upward departure).

The government introduced testimonial and photographic evidence showing the assaults on Alston and Garnier were committed just two days before the assault on Donovan and demonstrating the similarities between the assaults on Alston and Donovan: the method of the assaults, the extent and types of injuries suffered by the two victims, and the criminal purposes behind the assaults.  Upon consideration of the evidence presented and the arguments of the parties, the court concluded that the government had carried its burden of showing by a preponderance of the evidence that Running Shield and Alford had committed the assaults and the robbery as charged in the indictment in Case '059. Considering each defendant individually, the

---

[4]The district court conducted the defendants' sentencing proceedings in three parts.  The court first conducted a joint proceeding to address issues common to both defendants, including the motions for departure.  After adjourning the joint proceeding, the court reconvened in two separate proceedings to address and consider sentencing issues particular to each defendant.

court determined upward departures were warranted to reflect the seriousness of the offenses.

Defendants' contention that it was improper for the district court to consider the dismissed conduct because it was not based on a plea agreement is foreclosed by "the 'longstanding principle that sentencing courts have broad discretion to consider various kinds of information.'" Pepper v. United States, 562 U.S. 476, 488 (2011) (citing United States v. Watts, 519 U.S. 148, 151 (1997) (per curiam)). This principle has been codified by Congress, see 18 U.S.C. § 3661 (1984) ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."), and incorporated in the Sentencing Guidelines, see U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."). Whether the applicable policy statement here is § 5K2.21 or § 5K2.0(a)(2)(B), we find no abuse of discretion in the court's upward departure.

## B. Sixth Amendment Challenge

Running Shield and Alford also argue that consideration of dismissed conduct that was neither admitted by the defendants nor proven to a jury beyond a reasonable doubt violated their Sixth Amendment rights. We disagree.

"Under an advisory sentencing regime, 'the district court is entitled to determine sentences based upon judge-found facts and uncharged conduct' where the defendant is 'not sentenced in excess of the statutory maximum.'" United States v. Bridges, 569 F.3d 374, 377 (8th Cir. 2009) (quoting United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006)). Counts 2 and 3 both carry mandatory maximum sentences of ten years' imprisonment, see 18 U.S.C. § 113(a)(3), (a)(6). The

sentences imposed on the two counts were consecutive terms of five years and ten years, respectively, and therefore did not exceed the statutory maximums. When the district court applies the guidelines in an advisory manner, which it did here, "judicial fact-finding using a preponderance of the evidence standard is permitted." United States v. Ademi, 439 F.3d 964, 966 (8th Cir. 2006). Because the district court treated the guidelines as advisory and sentenced the defendants below the statutory maximum, the Sixth Amendment was not implicated. See United States v. McCraney, 612 F.3d 1057, 1067 n.6 (8th Cir. 2010) (rejecting the contention that "facts found by the court at sentencing must be proved beyond a reasonable doubt, even under the advisory guideline regime" as foreclosed by circuit precedent (citing Garcia-Gonon, 433 F.3d at 593)). Running Shield and Alford do not contend that the judge-found facts were necessary to prevent the sentences from being substantively unreasonable. Cf. United States v. Briggs, 820 F.3d 917, 921-22 (8th Cir. 2016), petition for cert. filed, (U.S. June 3, 2016) (15-9685).

The district court announced it would have imposed the same sentences based upon an upward variance using the § 3553(a) factors alone, which provides an alternative proper basis for the sentences imposed. United States v. Grandon, 714 F.3d 1093, 1098 (8th Cir. 2013) ("It is irrelevant that some of the same factors influenced both the departure and the variance, which were alternative grounds for the same sentence.").

## III.    CONCLUSION
For these reasons, the judgment of the district court is affirmed.

_____