# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1210
_____

United States of America

*Plaintiff - Appellant*

v.

Darwin Wade Red Cloud, also known as Darwin Raisch

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of South Dakota - Rapid City
_____

Submitted: February 13, 2020
Filed: July 23, 2020
_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Darwin Red Cloud pleaded guilty to second-degree murder in violation of 18 U.S.C. §§ 1111(a) and 1153. The district court[1] imposed a sentence of 48 months

_____

[1]The Honorable Jeffrey L. Viken, then Chief Judge, United States District Court for the District of South Dakota.

of incarceration, followed by five years of supervised release. The government appeals the sentence imposed as substantively unreasonable.

Red Cloud's son, D.K.E., was born on August 20, 2014. At the time, Red Cloud was 20 years old, and D.K.E.'s mother, J.K.E., was 15. The two had sole custody of their son. On October 11, 2014, J.K.E. went to check on the infant in his crib and found he was not breathing. Later that day, D.K.E. was pronounced dead at the Pine Ridge Indian Health Services Hospital. The autopsy reported the cause of death as "gross changes compatible with emaciation/dehydration."

Red Cloud pleaded guilty to a superseding indictment alleging one count of second-degree murder. Taking into account Red Cloud's lack of a criminal history and his acceptance of responsibility, the presentence investigation report calculated a total offense level of 37, and a Guidelines range of 210 to 262 months' incarceration. Neither party objected to this range.

We review the substantive reasonableness of a sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range" and when the sentence varies from the Guidelines range, we "give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." Id. We may not reverse simply because we "might reasonably have concluded that a different sentence was appropriate." Id. It is "the unusual case where we reverse a district court sentence—whether within, above, or below the applicable Sentencing Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (cleaned up).

A district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to consider a relevant factor that should have received

significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. at 461 (cleaned up).

The district court properly considered the § 3553(a) factors. An expert's forensic interview of Red Cloud indicated he has significant cognitive impairments that affected his ability to properly care for a newborn child. The district court relied on this and concluded that Red Cloud's "personal history and characteristics and . . . limitations can't be overlooked, they are sentencing factors and they are mitigating." See 18 U.S.C. § 3553(a)(1).

The district court considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See id. § 3553(a)(6). The court stated that it saw Red Cloud's case as "different from other cases involving the death of children" because, for example, "[m]ost of those cases involve violence" or "had real aggravating factors involved." As the district court saw it, the facts of this case were "much more aligned with the reckless disregard for the safety and life of others." Section 3553(a)(6) requires that the sentence disparities not be "unwarranted," and the district court clearly explained why any possible disparity here was warranted. The court also noted the need for the sentence to provide "adequate deterrence to criminal conduct." See id. § 3553(a)(2)(B). However, it concluded this factor did not weigh in favor of a lengthier sentence because, on these facts, the need for additional deterrence, both to Red Cloud and to society at large, was not "significant."

In addition to considering the goals of deterrence and responsibility, avoiding unwarranted disparities, and imposing just punishment, the district court told Red Cloud that it was fashioning a sentence that would "pay attention to the other behaviors and get you the resources you need. So rehabilitation and treatment are necessary as well." See id. § 3553(a)(2)(D) (directing the district court to consider

-3-

the need for the sentence imposed to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). At sentencing, Red Cloud was 26 years old. The district court noted he had "a life ahead" of him, and needed "support and help" going forward—not solely punishment for his role in the death of D.K.E. The court also noted Red Cloud had a history with substance abuse, and imposed the five-year term of supervised release in part so Red Cloud could receive the resources to address his chemical dependency issues.

The district court did not abuse its discretion by imposing a below-Guidelines sentence. A variance of this magnitude from the Guidelines requires "serious consideration" from the district court. Gall, 552 U.S. at 46. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). When, as here, "the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." Id. at 367. It is evident the district court gave this matter the serious consideration it required. The court found the sentencing range "too severe" for the facts of this case because "there are more mitigating factors than aggravating [ones]" and the Guidelines did not adequately reflect this. The court expressly weighed the § 3553(a) factors and sought to balance the seriousness of the offense with Red Cloud's specific "personal history and characteristics and . . . limitations." That balancing is within the sound discretion of the district court.

The judgment of the district court is affirmed.

_____