# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1283

———————————————

United States of America

*Plaintiff - Appellant*

v.

Fredrick Miles Davis

*Defendant - Appellee*

————————

Appeal from United States District Court
for the District of North Dakota - Western

————————

Submitted: October 22, 2021
Filed: December 20, 2021

————————

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.

————————

BENTON, Circuit Judge.

Fredrick M. Davis pled guilty to attempted coercion or enticement of a minor in violation of 18 U.S.C. § 2422(a). The district court[1] sentenced him to time served and 120 months' supervised release, including one year of home confinement. The United States appeals the below-guidelines sentence.

———————————

[1]The Honorable Daniel M. Traynor, District Judge for the District of North Dakota.

Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

In 2019 Davis contacted "Addyson" and "Sara" online. They identified themselves as 14-year-old girls, but were actually personas of undercover law enforcement. Davis asked them to meet with him in a hotel in Dickinson, North Dakota. He sent them sexually explicit messages and a graphic picture, and asked them to send him explicit pictures.

Davis was arrested at the North Dakota hotel where he intended to meet the girls. Under a pretrial agreement, Davis pled guilty to one charge—attempted coercion or enticement of a minor. His advisory guideline range was 46-57 months. As required by the pretrial agreement, the parties jointly recommended a 60-month sentence and five years of supervised release. The district court sentenced Davis to time served (two months) and 120 months of supervised release, including one year of home confinement, participation in sex offender treatment, and registration as a sex offender.

The government acknowledges there was no procedural error in this case. This court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[I]t will be the unusual case when we reverse a district court sentence— whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). If a sentence is outside the guidelines range, as it is here, this court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

"A district court abuses its discretion and imposes a substantively unreasonable sentence when it '(1) fails to consider a relevant factor that should have

received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" ***United States v. Red Cloud***, 966 F.3d 886, 888 (8th Cir. 2020), *quoting* ***Feemster***, 572 F.3d at 461.

This court can review the district court's statement of reasons to ensure it considered the parties' arguments and had a reasoned basis for its sentence. ***Rita v. United States***, 551 U.S. 338, 356 (2007); ***United States v. Morris***, 918 F.3d 595, 597-98 (8th Cir. 2019).

In its statement of reasons, the district court described why it varied below the guidelines:

> Upon its own motion, the Court finds that a downward variance or non-Guideline sentence is appropriate in this case. The Defendant, who is 55 years old, has a criminal history category of I, based upon zero (0) criminal history points. He honorably served, with commendations, in the United States Marine Corps for twenty years. Since January 2020, the Defendant has been on pretrial supervised release without incident and has been successfully employed on a full-time basis. He has expressed deep remorse for the offense conduct in this case.

The government objected to the sentence for failing to afford adequate deterrent effect (the district court noted the objection). But a district court has "wide latitude" to weigh factors, and it "may give some factors less weight than a [party] prefers or more weight to other factors, but that alone does not justify reversal." ***United States v. Brown***, 992 F.3d 665, 673–74 (8th Cir. 2021). In its written statement of reasons, the district court did acknowledge the need to afford adequate deterrence to criminal conduct. It chose to give other factors more weight than the deterrence factor, which is not a clear error of judgment.

The government also argues that the district court erred in weighing the Post Conviction Risk Assessment. The record shows the district court considered the PCRA in conjunction with other factors. In fact, at sentencing, the court asked the prosecutor: "do you agree with the assessment in the PSR that the risk level is very low for this offender to reoffend?" He replied, "I do agree, yes, Your Honor." It is within the district court's discretion to weigh such factors.

The government contends Davis's commendable 20-year military career and his exemplary behavior on pretrial release are not "sufficiently compelling" to justify his below-guidelines sentence. *See Gall*, 552 U.S. at 50. But, this court "*may not require "extraordinary" circumstances to justify a sentence outside the Guidelines.*" *Feemster*, 572 F.3d at 462, *quoting Gall*, 552 U.S. at 47. The district court's rationale for granting the variance does not need to be extraordinary, only substantively reasonable.

**18 U.S.C. § 3553(a)(1)** instructs the sentencer to consider a defendant's history and characteristics. In his meritorious military career—half his adult life—he earned numerous awards and commendations, including the Combat Action Ribbon and recognitions for service in Iraq and Somalia. *Cf.* **U.S.S.G. § 5H1.11** ("Military service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines."). He also did more than simply staying out of trouble while on pretrial release: he acknowledged his conduct, expressed remorse, sought ongoing treatment for his service-related PTSD, and got and maintained a job.

The government asserts that the district court erred in essentially double-counting Davis's lack of criminal history and other characteristics already factored into his guidelines range. This court has rejected this assertion many times. The district court may consider factors already weighed in the calculation of the guidelines range. *United States v. Chase*, 560 F.3d 828, 831 (8th Cir. 2009). Factors

that contribute to a low criminal history score or offense level may also weigh into a downward variance—just as aggravating factors already accounted for in a guidelines range may weigh into an upward variance. *See, e.g.*, ***United States v. Stoner***, 795 F.3d 883, 885 (8th Cir. 2015), *citing* ***United States v. David***, 682 F.3d 1074, 1077 (8th Cir. 2012).

The government argues that this court has affirmed higher sentences than Davis's for similar conduct. That "a different sentence was appropriate is insufficient to justify reversal of the district court." ***Gall***, 552 U.S. at 51. Each party lists sentences of first-time sexual offenders in North Dakota that appear to support their position. But a district court "must make an individualized assessment based on the facts presented." ***Gall***, 552 U.S. at 39.

The ten years of supervised release, one year of home confinement, and other restrictions here are a substantial punishment. "[T]he Guidelines are only one of the factors to consider when imposing a sentence, and § 3553(a)(3) directs the judge to consider sentences other than imprisonment." ***Gall***, 552 U.S. at 59. "[C]ustodial sentences are qualitatively more severe than probationary sentences of equivalent terms," but "[o]ffenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty." ***Id.*** at 48. In *Gall* itself, the Court reversed for not giving due deference to the district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence" of probation. ***Id.*** at 59-60. *See also* ***United States v. McFarlin***, 535 F.3d 808, 810, 812 (8th Cir. 2008).

Finally, the government argues that this case is similar to two others this court has reversed. *See* ***United States v. Kane***, 639 F.3d 1121 (8th Cir. 2011); ***United States v. Dautovic***, 763 F.3d 927 (8th Cir. 2014). The facts in these cases are not similar to Davis's, involving significantly worse abuse of actual victims, and denial of responsibility, even perjury. Here, in contrast, the district court did not overlook any relevant factors. Davis's sentence, compared against those reversed by this

court, is not so "unreasonably lenient" as to warrant overturning it.  *See **Kane***, 639 F.3d at 1136.

* * * * * * *

The judgment is affirmed.

_____