# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1578
_____

United States of America

*Plaintiff - Appellee*

v.

Malik Ross

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 10, 2022
Filed: April 4, 2022

_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

After Malik Ross pleaded guilty to embezzlement of bank funds and conspiracy to embezzle bank funds, the district court[1] sentenced him to 120 months' imprisonment, an upward variance of approximately nine years from Ross's

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

advisory sentencing guidelines range. Ross appeals, arguing that the district court procedurally erred in calculating his sentence and that his sentence is substantively unreasonable.

## I.

Malik Ross pleaded guilty to embezzlement and conspiracy to embezzle. *See* 18 U.S.C. § 656. Ross's advisory sentencing guidelines range was 8 to 14 months' imprisonment. The Government requested an upward variance based on a shooting involving Ross. At the sentencing hearing, two St. Louis police officers testified that on August 12, 2019, the day before Ross committed the embezzlement, Ross became irritated while in a convenience store. They also testified that while Ross was leaving, he encountered two individuals and fired in their direction, killing a seven-year-old child. Ross was not charged with any crime related to the shooting. After the shooting, Ross and his aunt conspired to embezzle money from his employer, an armored-truck company, so that he could leave town. Ross threw a bag containing $50,000 out of the truck onto the street, which his aunt retrieved.

Before the sentencing hearing, Ross provided information to the district court about his intellectual disability, including his low IQ and receipt of social-security disability benefits. At the sentencing hearing, the district court found by a preponderance of the evidence that Ross acted recklessly in firing his gun fourteen times and attempted to evade responsibility by leaving town. The district court varied upward from the guidelines range for Ross's embezzlement convictions and chose a sentence between the guidelines ranges for involuntary manslaughter and second-degree murder that "reflect[ed] the seriousness of the [shooting] offense, the reckless disregard for the community in discharging 14 rounds into the neighborhood, resulting in a death [of a child] and serious injury to another person, the dangers to the community, and, to some extent, to deter similar conduct." The district court also said it considered Ross's intellectual disability in making its determination. Ross was sentenced to 120 months' imprisonment on each count to be served concurrently. Ross appeals, arguing that the district court procedurally

erred by failing to explain adequately its consideration of his intellectual disability. Ross also argues that his sentence is substantively unreasonable.

## II.

In reviewing a sentence, we first determine whether the district court committed a significant procedural error. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Then "we review for substantive reasonableness." *United States v. Godfrey*, 863 F.3d 1088, 1094 (8th Cir. 2017). We review a sentence for an abuse of discretion, *see id.*, but if a defendant fails to object at sentencing to an alleged procedural error, we apply plain error review, *United States v. Isler*, 983 F.3d 335, 341 (8th Cir. 2020).

## A.

"Procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Godfrey*, 863 F.3d at 1094-95 (internal quotation marks omitted).

First, Ross argues that the district court procedurally erred by failing to explain its consideration of his intellectual disability as a mitigating factor. *See* 18 U.S.C. § 3553(a)(1) (requiring the district court to consider "the history and characteristics of the defendant"). Although a district court must explain its sentence in a manner providing for meaningful appellate review, *Gall v. United States*, 552 U.S. 38, 50 (2007), it is not required to provide an extensive justification for its sentencing determination, *see Rita v. United States,* 551 U.S. 338, 356-57 (2007); *United States v. Anderson*, 926 F.3d 954, 957-58 (8th Cir. 2019) (noting that even when the variance is substantial we have no special rules about the extent to which a district court needs to explain a sentence). "[W]e do not require a district court to

categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence." *United States v. Richart*, 662 F.3d 1037, 1049 (8th Cir. 2011). The district court is merely required to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Rita*, 551 U.S. at 356.

We conclude that the district court properly explained its decision to vary upward by about nine years. The district court said that it considered Ross's intellectual disability yet determined that an upward variance was proper after weighing the § 3553(a) factors, including the seriousness of the offense, the potential for the sentence to deter similar conduct, the danger Ross poses to the community, and the resulting-death policy statement, U.S.S.G § 5K2.1. The district court's failure to discuss at length Ross's intellectual disability does not render its sentencing explanation inadequate. *See United States v. Lee*, 553 F.3d 598, 601 (8th Cir. 2009); *Anderson*, 926 F.3d at 957-58 (concluding that the district court adequately explained a sentence that included a substantial upward variance even when the district court did not address mitigating factors directly). Thus, the record demonstrates that the district court properly explained Ross's sentence. *See Isler*, 983 F.3d at 341-42.

B.

Next, Ross argues that his ten-year prison sentence is substantively unreasonable. "In the absence of procedural error below, we should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Feemster*, 572 F.3d at 461 (internal quotation marks omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Borromeo*, 657 F.3d 754, 756 (8th Cir. 2011). In determining the sentence to impose, a district court is required to consider factors such as "the nature and circumstances of the offense and

the history and characteristics of the defendant," § 3553(a)(1), "the need for the sentence imposed . . . to reflect the seriousness of the offense," § 3553(a)(2)(A), the guidelines sentencing range, § 3553(a)(4), and "any pertinent policy statement," § 3553(a)(5). A district court has "wide latitude" in weighing the § 3553(a) sentencing factors. *United States v. Nguyen*, 829 F.3d 907, 925-26 (8th Cir. 2016). Indeed, "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Feemster*, 572 F.3d at 464.

1.

First, Ross argues that his sentence is substantively unreasonable because the district court weighed too heavily the uncharged shooting incident in varying upward by approximately nine years.[2] We disagree. In varying, a district court is permitted to consider whether the guidelines range adequately "reflect[s] the seriousness of the offense," "afford[s] adequate deterrence," and "protect[s] the public." *See* § 3553(a)(2)(A)-(C); *United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015). "We may consider the extent of any deviation from the guideline range," but "even extraordinary variances do not require extraordinary circumstances." *United States v. Johnson*, 916 F.3d 701, 703 (8th Cir. 2019).

---

[2]Ross also argues that it was error to apply the preponderance of the evidence standard to the uncharged conduct. However, we have repeatedly held that a district court may vary upward based on uncharged conduct that it finds by a preponderance of the evidence, so long as the sentence does not exceed the statutory maximum. *See, e.g.*, *United States v. Smith*, 681 F.3d 932, 935-36 (8th Cir. 2012); *United States v. Shield*, 831 F.3d 1079, 1083 (8th Cir. 2016). Here, the embezzlement offense has a maximum statutory sentence of thirty years, and Ross was sentenced to ten years' imprisonment. *See* 18 U.S.C. § 656. Thus, the district court's application of the preponderance of the evidence standard to the uncharged conduct was not error. *See Smith*, 681 F.3d at 936.

Here, the district court found that Ross recklessly fired a gun fourteen times in a residential street, killing a seven-year-old boy, and attempted to evade responsibility by stealing money to abscond. The district court then properly considered the § 3553 factors, including the seriousness of Ross's conduct, the danger to the community, and the deterrence of similar conduct and found that the guidelines range of 8 to 14 months' imprisonment was inadequate. *See* § 3553(a)(2).

Although an approximately nine-year variance is significant, we have affirmed substantial upward variances based on the serious nature of a defendant's conduct, including when the conduct is uncharged and related or unrelated to the offense of conviction. *See, e.g.*, *Anderson*, 926 F.3d at 956-58 (affirming an upward variance from a guidelines range of 15 to 21 months' imprisonment to 120 months' imprisonment due to an uncharged shooting incident that nearly resulted in death and was unrelated to the defendant's conviction); *Godfrey*, 863 F.3d at 1092-94, 1099-1100 (affirming an upward variance from a guidelines range of 30 to 37 months' imprisonment to 120 months' imprisonment due to the defendant's firing of a handgun near children in a public park); *United States v. Waller*, 689 F.3d 947, 956-57, 960-61 (8th Cir. 2012) (affirming an upward variance from a guidelines range of 10 to 16 months' imprisonment to 60 months' imprisonment due to an uncharged murder); *United States v. Porter*, 439 F.3d 845, 847-48, 850 (8th Cir. 2006) (affirming an upward variance from a guidelines range of 57 to 71 months' imprisonment to 120 months' imprisonment due to pending kidnapping charges related to the offense of conviction).

Thus, we conclude that the district court did not abuse its discretion in relying heavily on the uncharged shooting incident to vary upward by approximately nine years. *See Anderson*, 926 F.3d at 958; *Borromeo*, 657 F.3d at 756.

2.

Second, Ross argues that his sentence is substantively unreasonable because the district court granted no weight to several mitigating factors: his intellectual

disability, his remorse and lack of criminal history, and the fact that he could not see the child because the child was obscured by foliage. As to the last factor, he specifically argues that (1) the resulting-death policy statement requires the district court to consider "the extent to which death or serious injury was intended or knowingly risked," and (2) because Ross committed at most reckless involuntary manslaughter, the district court should not have varied above the reckless-involuntary-manslaughter guidelines range.

The district court has "wide latitude" in weighing the § 3553(a) factors and "may give some factors less weight than a defendant prefers or more weight to the other factors, but that alone does not justify reversal." *Isler*, 983 F.3d at 344. The district court considered Ross's intellectual disability and heard testimony about Ross's remorse and the shrubbery blocking Ross's view of the alley where the seven-year-old child was struck, and the presentence investigation report indicated that Ross has no criminal history. *See* § 3553(a)(1). That the district court weighed more heavily "the seriousness of the offense," "deterrence to criminal conduct," protection of the public, and the reckless nature of Ross's conduct, *see* § 3553(a)(1), (2)(A)-(C), does not make Ross's sentence substantively unreasonable. *See Isler*, 983 F.3d at 344.

Ross's policy-statement argument has no merit because the district court considered § 5K2.1, including "the extent to which death or serious injury was intended or knowingly risked," by noting that Ross recklessly fired the gun fourteen times. Finally, as to Ross's guidelines-range argument, "[t]he court's sentencing discretion is not limited to what the Guidelines-range sentence would have been had [the defendant] been convicted of an offense related to [the prior uncharged conduct]." *See Anderson*, 926 F.3d at 958. Thus, the district court did not abuse its discretion in varying significantly upward despite the existence of mitigating factors. *See id.*

# III.

For the foregoing reasons, we affirm Ross's sentence.

ERICKSON, Circuit Judge, concurring.

Malik Ross stands convicted of embezzling bank funds, not manslaughter or murder. Yet he received a 120-month sentence—more than eight times the high end of the applicable guidelines range—because a judge determined he recklessly fired a gun resulting in the tragic death of a child. Missouri prosecutors expressly declined to charge Ross for the killing. And he disputed his culpability at sentencing, arguing that he fired the shots in self-defense after two individuals confronted him and shot first. Rather than a jury deciding Ross's guilt beyond a reasonable doubt, however, the sentencing judge found him responsible for homicide under a more-likely-than-not standard.[3] Though the guidelines and our precedent allow that outcome, I believe the Constitution demands otherwise.

The Sixth Amendment guarantees every person "accused" of a crime the right to a trial "by an impartial jury." Combined with the Fifth Amendment's Due Process Clause, that command means "each element of a crime [must] be proved to the jury beyond a reasonable doubt." Alleyne v. United States, 570 U.S. 99, 104 (2013). Facts that increase the penalty for a crime are elements. See Apprendi v. New Jersey, 530 U.S. 466, 483 n.10 (2000). "It unavoidably follows that any fact necessary to prevent a sentence from being substantively unreasonable—thereby exposing the defendant to the longer sentence—is an element that must be either admitted by the defendant or found by the jury." Jones v. United States, 574 U.S. 948, 949-50 (2014) (Scalia, J., joined by Thomas and Ginsburg, JJ., dissenting from denial of certiorari); see United States v. McReynolds, 964 F.3d 555, 564 n.1 (6th Cir. 2020) (collecting separate opinions advocating similarly).

---

[3]In Missouri, "if substantial evidence is presented [on] the elements of self-defense, then . . . the State has the burden of proving a lack of self-defense beyond a reasonable doubt." State v. Bruner, 541 S.W.3d 529, 530 (Mo. 2018) (en banc).

Ross may well be culpable for killing a young child—an odious crime worthy of a lengthy sentence.  But the Constitution should have afforded him an opportunity to present his defense to a jury.  As things sit today, we along with every other circuit "have declined to extend Apprendi in this way."  United States v. Briggs, 820 F.3d 917, 921-22 (8th Cir. 2016) (collecting cases).  I reluctantly concur and urge district judges "to disclaim reliance on acquitted or uncharged conduct" in future cases like this one.  See United States v. Bell, 808 F.3d 926, 928 (D.C. Cir. 2015) (Kavanaugh, J., concurring in denial of reh'g en banc).

_____