# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-2365
_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Carroll Chandler

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota
_____

Submitted: October 17, 2022
Filed: January 10, 2023
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Gregory Chandler appeals his revocation sentence, arguing procedural error and substantive unreasonableness. We affirm.

Chandler pled guilty to knowingly possessing firearms by a prohibited person in violation of 18 U.S.C. § 922(g)(4). He was sentenced to three years of probation.

This represented a variance from his United States Sentencing Guidelines Manual ("Guidelines") range of 30 to 37 months of imprisonment.

Near the end of the probation period and after a search of his residence, Chandler admitted to violating a condition of his supervised release, specifically by possessing the controlled substance marijuana. Additionally, drug paraphernalia, shotgun ammunition, and multiple edged weapons were found in Chandler's home.

At Chandler's revocation hearing, the district court[1] heard or recited information about Chandler's history, the events leading to revocation, the initial sentencing hearing, and the lenient sentence he had initially received. The district court also expressed frustration because Chandler "used" or "abused" the "tremendous break" received at the initial sentencing. Further, the district court noted "there are too many violations here for the Court to overlook," including Chandler submitting an altered urine sample and being verbally abusive with the probation officer.

The supplemental presentence report ("PSR") correctly provided a Guidelines range revocation sentence of three to nine months. However, during the revocation hearing, the district court stated, "the guideline range is 30 to 37 months of custody. . . . I'm looking at the wrong thing here. Yeah. That was the original range of custody. . . . No. 30 to 37 months is correct, isn't it? . . . That is correct." The district court then went on to sentence Chandler to eight months of incarceration, stating such period was "far under the guideline range. Normally he would receive a sentence of 30 months[.]" Counsel did not object to the Guidelines range stated at the time of the hearing.

Chandler asserts procedural error occurred when the district court improperly calculated the Guidelines range and argues his resulting revocation sentence was

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

substantively unreasonable. Because Chandler did not raise the issue of procedural error before the district court, we review it for plain error. *United States v. Ross*, 29 F.4th 1003, 1007 (8th Cir. 2022). We review the substantive reasonableness of his sentence for abuse of discretion. *Id.* at 1008.

"Procedural errors include[, among other things,] failing to calculate (or improperly calculating) the Guidelines range[.]" *Id.* (quoting *United States v. Godfrey*, 863 F.3d 1088, 1094–95 (8th Cir. 2017)). There can be no dispute that although the district court had the correct Guidelines range listed in the PSR, it stated the incorrect advisory range during the hearing. Under the plain error standard, Chandler established the Guidelines range error was "clear or obvious." *United States v. Combs*, 44 F.4th 815, 818 (8th Cir. 2022) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). Further, "a defendant can rely on the application of an incorrect Guidelines range to show an effect on his substantial rights." *Molina-Martinez*, 578 U.S. at 203. However, "[w]e will exercise our discretion to correct such an error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Chandler contends the error necessarily seriously affected the judicial proceedings because the district court *may have* sentenced him differently had it understood the mistake. We disagree. While the district court did not explicitly state it would have sentenced Chandler to the same sentence absent the erroneous Guidelines range, the district court declared Chandler committed "too many violations here for the Court to overlook" and had "abused" the "tremendous break" allowed at the previous sentencing. Moreover, the district court did not merely sentence Chandler to the bottom of the supposed Guidelines range or the adjacent range; it imposed a sentence significantly below that range. In this case, the district court based the sentence on its careful evaluation of the 18 U.S.C. § 3553(a) factors in the unique circumstances of this case and imposed a sentence less than one-third of the lowest sentence in the mistaken range. There is no reasonable probability the

district court would have imposed a lighter sentence but for the error. Under plain error review, we conclude the stated Guidelines range mistake did not seriously affect the fairness, integrity or public reputation of judicial proceedings.

Next, Chandler argues the district court imposed a substantively unreasonable sentence by failing to give appropriate weight to mitigating circumstances. "Where, as here, a sentence imposed is within the advisory guideline range, we typically accord it a presumption of reasonableness." *United States v. Campbell*, 986 F.3d 782, 800 (8th Cir. 2021) (citation omitted). Nevertheless, the "district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Barber*, 4 F.4th 689, 692 (8th Cir. 2021) (citation omitted). Even so, "[t]he district court has wide latitude to weigh the [revocation-specific] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *Id.* (citation omitted).

The district court did not fail to consider relevant mitigating factors. The district court was aware of Chandler's history, mental and physical health, and personal and financial responsibilities, which were discussed during the revocation hearing. The district court affirmed it had read the letters submitted on Chandler's behalf. Chandler spoke during the revocation hearing. The district court specifically noted it was required to consider the factors set forth in § 3553 and view the Guidelines range as advisory. Ultimately, we view Chandler's argument as a disagreement with the district court's balancing of the relevant § 3553(a) factors. Such disagreement is insufficient to establish that a sentence is substantively unreasonable, especially in light of Chandler's within-Guidelines-range sentence. *See United States v. Brown*, 992 F.3d 665, 673–74 (8th Cir. 2021) (noting a sentencing "court has 'wide latitude' to assign weight to give factors[ ] and . . . 'may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal'"). Accordingly, the district court did

-4-

not abuse its substantial discretion of imposing a revocation sentence of eight months.

For the foregoing reasons, we affirm.

_____