# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 22-1912

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Stephen W. Lundemo

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: January 9, 2023
Filed: February 2, 2023
[Unpublished]

——————————

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Stephen W. Lundemo pled guilty to one count of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Based on a total offense level of 21 and a criminal history category of III, the district court[1] calculated

———————————

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

Lundemo's United States Sentencing Guidelines range to be 46 to 57 months' imprisonment. At the Government's recommendation, the district court varied upward and ultimately sentenced Lundemo to 108 months' imprisonment, followed by 3 years of supervised release. Lundemo appeals his sentence, arguing (1) that the district court committed procedural error by failing to explain his sentence and (2) that his sentence is otherwise substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

We first address whether the district court committed procedural error by failing to explain Lundemo's sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("We 'must first ensure that the district court committed no significant procedural error.'" (citation omitted)). "Procedural errors include . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Ross, 29 F.4th 1003, 1007 (8th Cir. 2022). Because Lundemo failed "to object at sentencing to an alleged procedural error, we apply plain error review." Id.; see also United States v. Isler, 983 F.3d 335, 341 (8th Cir. 2020) ("Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." (citation omitted)). "Although a district court must explain its sentence in a manner providing for meaningful appellate review, it is not required to provide an extensive justification for its sentencing determination." Ross, 29 F.4th at 1007 (citation omitted).

Here, the district court discussed multiple 18 U.S.C. § 3553(a) sentencing factors in depth, particularly those upon which it relied to vary upward. See R. Doc. 39, at 30-32. Lundemo's arguments regarding the district court's purported failure to explain its upward variance based upon Lundemo's criminal history are misplaced because the authority upon which he relies concerns criminal history *departures*, not § 3553(a) variances. See United States v. Chase, 560 F.3d 828, 830 (8th Cir. 2009) ("Variances do differ from departures."). And while Lundemo contends that the district court did not discuss his mitigating circumstances—namely, his mental health and drug use—the district court in fact discussed these circumstances at length

and incorporated them into its § 3553(a) analysis.  See, e.g., R. Doc. 39, at 31 ("So his history and characteristics regarding his . . . inability to stay on medication, especially when he elects to use illegal drugs, warrants a sentence of 108 months."); R. Doc. 39, at 31-32 ("As I mentioned, Mr. Lundemo, it's not rare that criminal defendants have mental health conditions that range [from] schizophrenia, bipolar, depression, anxiety, anger control issues.  But somehow you've got to be able to manage those.").  Accordingly, the district court did not commit procedural error, much less plainly so, by failing to explain Lundemo's sentence.

Next, we consider the substantive reasonableness of Lundemo's sentence. Feemster, 572 F.3d at 461.  This Court "review[s] the substantive reasonableness of a sentence for an abuse of discretion."  United States v. Red Cloud, 966 F.3d 886, 888 (8th Cir. 2020).  We are "cognizant that it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable."  United States v. Sayles, 754 F.3d 564, 567 (8th Cir. 2014) (citation omitted).  Lundemo relies largely on the same arguments as above, contending that the district court did not give adequate weight to his mitigating factors and gave improper weight to the need to protect the public, based on the nature of the offense and Lundemo's criminal history.  See Feemster, 572 F.3d at 461 ("A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" (citation omitted)).  However, "[d]istrict courts are afforded 'wide latitude' to weigh the relevant sentencing factors in each case and assign some factors greater weight than others in determining an appropriate sentence."  United States v. McDaniels, 19 F.4th 1065, 1067 (8th Cir. 2021) (per curiam) (citation omitted).  Lundemo's arguments amount to a mere disagreement with the district court's weighing of the § 3553(a) factors, which "does not alone justify reversal."  Id.  Accordingly, the district court did not abuse its discretion in crafting Lundemo's sentence.

For the forgoing reasons, the judgment of the district court is affirmed.

_____