# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-2670
_____

United States of America

*Plaintiff - Appellee*

v.

Theodore Stevie Varner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: January 8, 2024
Filed: June 27, 2024
[Unpublished]
_____

Before SMITH, Chief Judge,[1] GRUENDER and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

---

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024. *See* 28 U.S.C. § 45(a)(3)(A).

Theodore Varner appeals his sentence of 18 months' imprisonment for violating his supervised release conditions. We hold that the district court[2] did not abuse its discretion and affirm the court's judgment.

## I. *Background*

In 2010, police officers arrested Varner while he was in possession of a pistol. Due to Varner's prior felony convictions, the government charged him with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The indictment also alleged that he was an armed career criminal under 18 U.S.C. § 924(e)(1). A jury convicted him, and the district court sentenced him to 235 months' imprisonment with five years of supervised release. We affirmed his conviction and sentence. *United States v. Varner*, 678 F.3d 653, 659 (8th Cir. 2012).

In 2021, Varner and the government filed a joint motion for compassionate release. The parties agreed that Varner's medical conditions increased his risk of serious complications should he contract COVID-19. The district court granted the motion and reduced Varner's sentence to time served. Varner then began his five-year supervised release term in February 2021. The U.S. Probation Office in the Southern District of Texas agreed to courtesy supervision.

While under supervision, Varner struggled to follow his supervised release conditions. First, Varner was charged with misdemeanor family assault in Harris County, Texas. Texas did not convict Varner, and the District of Minnesota deferred action on his supervised release revocation. Second, Varner did not keep his probation officer apprised of his address, and the officer was unable to verify it despite multiple attempts to do so. Third, Varner twice tested positive for illegal drugs in December 2022.

---

[2]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Due to these violations, his probation officer requested an arrest warrant. The District of Minnesota issued the warrant, and Varner was taken into custody. At his revocation hearing, the district court sentenced Varner to time served despite the Guidelines range being 8 to 14 months' imprisonment. The Southern District of Texas also revoked Varner's supervised release and transferred supervision back to the District of Minnesota.

A month after the revocation hearing, Varner's probation officer again requested an arrest warrant. This time, Varner failed to report for two scheduled drug tests. This violation resulted in his discharge from an outpatient treatment program. The District of Minnesota again issued an arrest warrant. After the court issued the warrant, Varner was arrested in Houston, Texas, for the felony offense of driving a stolen vehicle. Varner pleaded guilty, and Texas imprisoned him for nine days and then released him into federal custody.

The District of Minnesota held a revocation of supervised release hearing. At the hearing, the government asked for a term of imprisonment. Varner requested a sentence of time served. Although Varner acknowledged that he violated the terms of his release when he left Minnesota without permission, he argued that his actions were excusable because he traveled to Texas to retrieve his belongings. He also contended that his overservice of prison time for his 2011 conviction supported his request for a sentence of time served. Both parties acknowledged that if Varner had been sentenced after our decision in *United States v. Owen*, his two third-degree cocaine sale convictions would not have been "serious drug offense[s]" under 18 U.S.C. § 924(e)(1). *See* 51 F.4th 292 (8th Cir. 2022) (per curiam), *reh'g by panel denied*, No. 21-3870, 2022 WL 17840559 (8th Cir. Dec. 22, 2022). Thus, post-*Owen*, Varner would have served a maximum of 120 months.[3] The Guidelines range was 21 to 27 months' imprisonment, and the district court sentenced Varner to 18 months' imprisonment with no supervised release to follow.

---

[3]Varner served approximately 125 months in prison before his compassionate release.

## II. *Discussion*

Varner's only argument on appeal is that the district court's below-Guidelines sentence of 18 months' imprisonment was unreasonable and greater than necessary under 18 U.S.C. § 3553. "We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." *United States v. Elbert*, 20 F.4th 413, 416 (8th Cir. 2021).

> A district court abuses its discretion and imposes a substantively unreasonable sentence when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.

*United States v. Davis*, 20 F.4th 1217, 1220 (8th Cir. 2021) (internal quotation marks omitted). "[A] sentence below or within the Guidelines range is presumptively reasonable on appeal." *United States v. Barraza*, 982 F.3d 1106, 1116 (8th Cir. 2020) (alternation in original) (quoting *United States v. Canania*, 532 F.3d 764, 773 (8th Cir. 2008)).

Varner argues that the district court should have given more weight to his overservice of prison time for his 2011 conviction. He also argues that the district court did not adequately consider other mitigating factors when it sentenced him.

To support both arguments, Varner relies on the Supreme Court's decision in *United States v. Johnson*, 529 U.S. 53 (2000). There, the Supreme Court said that "equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term" and then seeks modification of his supervised release. *Id.* at 60. However, the key difference between *Johnson* and Varner's case is that Varner is not requesting a modification to his term of supervised release. Instead, he is being sentenced for violating the terms of his supervised release. Thus, Varner's reliance on is *Johnson* misplaced. *See United States v. Webb*, 724 F. App'x 272, 273 (4th Cir. 2018) (unpublished per curiam) ("[The defendant] repeatedly violated the conditions of his supervised release and then sought

exoneration based on *Johnson*. We find that such reliance is misplaced. *Johnson* did not provide a basis for violating supervised release with impunity, but instead merely stated that overservice of a sentence should be considered when balancing the equities during a determination of whether supervised release should be modified or terminated early.").

Moreover, we cannot say that the district court failed to give due weight to Varner's overserved time. We leave it to district courts to decide how much weight to give a defendant's overserved time during a revocation hearing for a supervised release violation. *See United States v. Childs*, 17 F.4th 790, 793 (8th Cir. 2021) (holding that a district court did not abuse its "broad discretion" when it imprisoned a defendant, who overserved time, for violating his supervised release conditions. (internal quotation marks omitted)). Here, the district court varied downward from the Guidelines when Varner, just a few weeks after the first revocation hearing when the district court imposed a sentence of time served, again violated terms of his supervised release. It may well be that the district court's below-Guidelines sentence factored in Varner's overserved time. But at any rate, the resulting sentence was not an abuse of discretion.

Finally, the district court adequately considered Varner's mitigating factors. During the revocation hearing, Varner argued that he left Minnesota without permission because he needed to retrieve his belongings in Texas. The district court found that argument unpersuasive because Varner "picked up a new offense while he was down there." R. Doc. 185, at 12. The record shows that the district court adequately considered Varner's mitigating factors.

### III. *Conclusion*

The district court's imposition of a below-Guidelines sentence for Varner's supervised release violation was not an abuse of discretion. We affirm.

_____