# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2064
_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Wende

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: September 15, 2025
Filed: October 6, 2025
[Unpublished]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Thomas Wende pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to a 96-month term of imprisonment. Wende appeals, contending his sentence is substantively

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

unreasonable because the district court considered an improper factor and did not sufficiently weigh several mitigating factors. We affirm.

We review the substantive reasonableness of a sentence using a deferential abuse of discretion standard. United States v. Wilson, 122 F.4th 317, 325 (8th Cir. 2024). A district court abuses its discretion if it gives significant weight to an improper factor or commits a clear error of judgment in weighing the appropriate factors. United States v. Ali, 799 F.3d 1008, 1033 (8th Cir. 2015). Wende asserts the district court abused its discretion when it imposed an above-Guidelines sentence based in part on his criminal history—a factor already accounted for in the calculation of his Guidelines range. A sentencing court may rely on factors already taken into account in calculating a defendant's Guidelines range. See United States v. Holmes, 137 F.4th 734, 743 (8th Cir. 2025). We find no abuse of discretion, as the variance was neither substantial, nor did the court place undue weight on Wende's criminal history. See id.

Wende's other claim—that the district court did not adequately consider his difficult childhood, participation in rehabilitative programs, and expressions of remorse—is also unavailing. A sentencing court has broad discretion to assign some sentencing factors more weight than others. Wilson, 122 F.4th at 325. In the plea agreement, Wende admitted he fled from arrest, scuffled with the arresting officers, and threatened to kill one of the officers. The district court found Wende's threats concerning in light of his violent criminal history. The court also noted Wende had not been deterred by his prior sentences. The court determined, under these facts, the applicable Guidelines range did not sufficiently address the need to protect the public and promote respect for the law. The court balanced the aggravating factors against Wende's allocution and rehabilitative efforts and explained the reasons for its variance. Wende has not shown an abuse of the district court's discretion, or that his sentence is substantively unreasonable. See United States v. Davis, 20 F.4th 1217, 1221 (8th Cir. 2021) (observing the rationale for a variance "does not need to be extraordinary, only substantively reasonable").

We affirm.

_____